248 N.J. Super. 525 (1991)
591 A.2d 959
LORY R. JOHNSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR LORY JOCASTA RICHBURG, A MINOR, PLAINTIFFS-RESPONDENTS,
v.
USDIN LOUIS CO., INC. AND USDIN STAINLESS SCRAP, INC.,[1] DEFENDANT-APPELLANT, AND DAVID JOHNSON, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 22, 1991.
Decided May 20, 1991.
*527 Before Judges J.H. COLEMAN and DREIER.
Roseann P. Primerano argued the cause for appellant (Brian Granstrand, attorney; Roseann P. Primerano on the brief).
David M. Paris argued the cause for respondent (Piro, Zinna, Cifelli & Paris, attorneys; David M. Paris on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
The crucial issue raised in this case is whether an employer should be liable to family members of an employee who used nitric acid taken from the job to assault family members at home. We granted leave to the employer to appeal from an order which refused to dismiss the complaint. We hold that the employer breached no duty owed to the employee's family members.
Defendant David Johnson was employed by defendant Louis Usdin Co., Inc. (Usdin) for some time prior to April 1, 1985, while he was married to plaintiff Lory R. Johnson (plaintiff). Usdin stored some nitric acid on its premises for use in its steel business. On April 1, 1985, defendant Johnson, who had separated *528 from his family, broke into plaintiff's home and assaulted plaintiff and her four-year-old daughter by throwing nitric acid into their faces. Defendant Johnson also stabbed plaintiff's boyfriend. As a result of that incident, Johnson has been sentenced to an extensive custodial term.
In her complaint, plaintiff alleges that defendant Johnson obtained the nitric acid from his place of employment. She further alleges that Usdin was negligent because it failed to establish procedures to safeguard a dangerous instrumentality thereby permitting Johnson to take the nitric acid from his place of employment. Plaintiff further alleges that Usdin negligently hired or retained Johnson in the employment when it knew or should have known of his dangerousness.
This is not a case in which plaintiff and her daughter were injured by Johnson during the course of his employment by Usdin. Johnson was not performing any business activity on behalf of Usdin when he assaulted his wife and daughter in plaintiff's home. Nonetheless, a scope of employment limitation on liability has no application where, as here, the alleged breach of duty is based on alleged negligent hiring or retaining an employee. DiCosala v. Kay, 91 N.J. 159, 172-173, 450 A.2d 508 (1982). In that context, "the duty owed is properly to be determined by whether the risk of harm from the dangerous employee to a person such as plaintiff was reasonably foreseeable as a result of the employment." Id. at 174, 450 A.2d 508.
The tort of negligent hiring or retaining an employee requires proof that the employer "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons." Ibid. In addition, there must be proof that through the negligence of the employer in hiring or retaining the employee, the employee's unfitness or dangerous characteristics proximately caused the injury. Id. at 174, 450 A.2d 508.
*529 Under both negligence theories of liability alleged by plaintiff, "before recovery may be had, a duty must exist in law and a failure in that duty must be proved as a fact." Mergel v. Colgate-Palmolive-Peet Co., 41 N.J. Super. 372, 379, 125 A.2d 292 (App.Div.), certif. denied 22 N.J. 453, 126 A.2d 392 (1956). The question of whether a duty exists is a matter of law properly decided by the court. Strachan v. John F. Kennedy Memorial Hosp., 109 N.J. 523, 529, 538 A.2d 346 (1988); Essex v. New Jersey Bell Tel. Co., 166 N.J. Super. 124, 127, 399 A.2d 300 (App.Div. 1979). The question of duty involves largely a matter of policy and fairness, Goldberg v. Housing Auth. of Newark, 38 N.J. 578, 583, 186 A.2d 291 (1962), "a weighing of the relationship of the parties, the nature of the risk, ..., the public interest in the proposed solution," Kelly v. Gwinnell, 96 N.J. 538, 544, 476 A.2d 1219 (1984), "and all of the surrounding circumstances." Renz v. Penn Cent. Corp., 87 N.J. 437, 461-63, 435 A.2d 540 (1981). The foreseeability essential to the creation of a legal duty in this case focuses on whether Usdin should have foreseen that its conduct unreasonably enhanced a hazard that would be injurious to those coming within the range of such a hazard. Hill v. Yaskin, 75 N.J. 139, 144, 380 A.2d 1107 (1977).
The record before us is barren of any evidence that the employer was aware of any dangerous characteristics in Johnson. While Johnson admits that he smoked marijuana on the job, there is no evidence that the employer was aware of that fact. Similarly, there is no evidence that the nitric acid was not easily available to the public, without any governmental controls, through retail establishments which sell chemicals. We find no basis upon which to predicate a legal duty upon Usdin since it was not aware that Johnson possessed dangerous characteristics. "Foresight, not hindsight, is the standard by which one's duty of care is to be judged." Hill v. Yaskin, supra, 75 N.J. at 144, 380 A.2d 1107, quoting 57 Am.Jur. (Second) Negligence § 58 (1970).
*530 We are also persuaded that Usdin breached no legal duty owed to plaintiffs in any other respect. Even though Usdin admits it had no procedure in place to prevent employees from taking nitric acid home, the record contains no basis to conclude that the lack of such a procedure unreasonably enhanced the risk that employees family members would be criminally assaulted with the nitric acid. Ordinary human experiences and the totality of the circumstances dictate that Usdin could not reasonably foresee that one of its employees would take nitric acid from the premises and throw it at someone.
Plaintiff's reliance upon Healing v. Security Steel Equip. Corp., 51 N.J. Super. 123, 143 A.2d 844 (App.Div. 1958) is misplaced. There, a duty was found to exist where a landowner had knowledge that an infant trespasser might come upon the land. Yet the landowner left an open vat of nitric acid on the premises. Id. at 136, 143 A.2d 844. Similarly, DiCosala is to be distinguished based on the facts. In that case, a handgun was kept on the landowner-employer's premises that was used to injure a visitor on the premises. So too, Hill v. Yaskin, supra, is distinguishable since it involved leaving the ignition key in a car. The court found that it was foreseeable that the car would be stolen and other users of the highway injured while the thief was mishandling the car. Healing, DiCosala and Hill all involved facts which enabled the property owners to reasonably foresee an unreasonably enhanced hazard.
In contrast, if a legal duty was found to exist based on the facts and total circumstances in the present case, that would mean that virtually all employers would be exposed to liability. For instance, gasoline station attendants, butchers and even secretaries, work with dangerous products or implements which could be taken home from the job and used to criminally assault a family member. Public policy dictates that there should be no liability absent a showing that the employer *531 reasonably should have foreseen an unreasonably enhanced hazard.
The order denying summary judgment is reversed. The matter is remanded to the Law Division for the entry of an order dismissing the complaint as to Usdin.
NOTES
[1] The correct name of appellant is Louis Usdin Co., Inc., improperly pleaded as Usdin Louis Co., and Usdin Stainless Scrap, Inc.