723 A.2d 1283 (1999)
Peter RIGATTI and Lisa Rigatti, Plaintiffs-Appellants,
v.
Edward REDDY, Mark Douglas and Jack Duarte, Defendants-Respondents.
Chris Anderson Roofing Company, and Frank Gibson, Defendants/Third-Party Plaintiffs,
v.
Augy's Construction, Third-Party Defendant.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1999.
Decided March 4, 1999.
*1284 Scott A. Telson, Edison, for plaintiffs-appellants (Lombardi & Lombardi, attorneys; Mr. Telson, on the brief).
Bernard E. Kueny, III, Voorhees, for defendants-respondents (Speziali, Greenwald, Kueny & Hawkins, attorneys; Mr. Kueny, on the brief).
Before Judges HAVEY, SKILLMAN and PAUL G. LEVY.
The opinion of the court was delivered by HAVEY, P.J.A.D.
In this personal injury action, plaintiffs appeal from a summary judgment dismissing their complaint against defendants Edward Reddy, Mark Douglas and Jack Duarte.[1] In *1285 dismissing the complaint, the motion judge concluded that Celotex, defendants' employer and the owner of a building from which plaintiff fell, did not breach its duty to provide plaintiff with a reasonably safe place to work because the injury was a risk incidental to the work plaintiff was hired to perform. We affirm.
The pertinent facts are undisputed. Celotex hired defendant Chris Anderson Roofing Company (Chris Anderson) to replace sections of the roof on building thirteen at Celotex's Perth Amboy plant. Chris Anderson subcontracted part of the work to plaintiff's employer, Augy's Construction (Augy's).
Celotex had decided to replace the roof because it was old and a large section had collapsed under the heavy snowfall the previous winter. Afterwards, portions of the collapsed section were patched with sheet metal by defendant Jack Duarte, a Celotex employee.
The Celotex/Chris Anderson contract called for the replacement of certain other sections of the roof. Defendant Edward Reddy, Celotex's plant engineer, testified at his deposition that all of the roofing companies bidding on the job met with him and physically inspected the roof. He pointed out to the contractors the sections that had collapsed in the snowstorm, and advised them that the roof was made of transite. Defendant Frank Gibson, field superintendent of Chris Anderson, testified that he observed the transite sheeting and Reddy pointed out the place where the roof had collapsed and had previously been repaired with metal sheeting. Gibson and Reddy discussed the integrity of the roof, and that transite could not be walked on safely.
Chris Anderson retained Augy's to install galvanized steel sheeting to replace the transite. Gibson met with Guy Maltais, owner of Augy's and plaintiff's father-in-law. Gibson and Maltais discussed the integrity of the roof and the general fact that transite is not stable or capable of sustaining weight. In his deposition Maltais also confirmed that he met with Reddy and physically inspected the roof before entering into the contract with Chris Anderson. Maltais testified that the industry recognized that a roof made out of transite should not be walked on. He so advised plaintiff and other Augy's employees.
On his first day on the job, plaintiff and a coworker climbed onto the roof to remove a sheet of metal left behind by another subcontractor. While plaintiff attempted to lift the sheet, a section of the roof he was standing on collapsed beneath him. Plaintiff believed that he accidentally stepped off a truss that was supporting him and onto the transite roof. The section of the roof where plaintiff fell was not part of the contract between Chris Anderson and Celotex, and was not scheduled to be replaced.
Plaintiffs filed a personal injury action against Chris Anderson, Frank Gibson and Celotex employees, Edward Reddy, Jack Duarte and Mark Douglas. Plaintiffs settled with Chris Anderson and Gibson for $500,000, and with Augy's for $250,000. They made no direct claim against Celotex, because the corporation was in bankruptcy. Plaintiffs filed a proof of claim in the bankruptcy proceedings.
In granting summary judgment in favor of Reddy, Duarte and Douglas, the judge defined the duty of care owed by a landowner to employees of an independent contractor injured on the landowner's property. The judge determined that plaintiff's injury was a risk incidental to the task he was hired to perform, and therefore the Celotex defendants were not liable for his injuries.
As a general rule, a landowner has "a non-delegable duty to use reasonable care to protect invitees against known or reasonably discoverable dangers." Kane v. Hartz Mountain Indus., 278 N.J.Super. 129, 140, 650 A.2d 808 (App.Div.1994), aff'd, 143 N.J. 141, 669 A.2d 816 (1996). This general rule operates to protect individuals performing work on the premises of the landowner, most commonly independent contractors and their employees. See Accardi v. Enviro-Pak Sys. Co., 317 N.J.Super. 457, 722 A.2d 578 (App. Div.1999) and cases cited therein.
However, "the landowner `[i]s under no duty to protect an employee of an independent contractor from the very hazard created by doing the contract work.'" *1286 Dawson v. Bunker Hill Plaza Assocs., 289 N.J.Super. 309, 318, 673 A.2d 847 (App.Div.), certif. denied, 146 N.J. 569, 683 A.2d 1164 (1996) (quoting Sanna v. National Sponge Co., 209 N.J.Super. 60, 67, 506 A.2d 1258 (App.Div.1986)). "An independent contractor is one `who, in carrying on an independent business, contracts to do a piece of work according to his own methods without being subject to the control of the employer as to the means by which the result is to be accomplished but only as to the result of the work.'" Accardi, supra, 317 N.J.Super. at 463, 722 A.2d 578 (quoting Bahrle v. Exxon Corp., 145 N.J. 144, 157, 678 A.2d 225 (1996)). This exception is carved out of the landowner's general duty to protect invitees because "the landowner may assume that the independent contractor and [its] employees are sufficiently skilled to recognize the dangers associated with their task and adjust their methods accordingly to ensure their own safety." Accardi, supra, 317 N.J.Super. at 463, 722 A.2d 578; Dawson, supra, 289 N.J.Super. at 318, 673 A.2d 847. Stated differently:
The duty to provide a reasonably safe place to work is relative to the nature of the invited endeavor and does not entail the elimination of operational hazards which are obvious and visible to the invitee upon ordinary observation and which are part of or incidental to the very work the contractor was hired to perform.
[Sanna, supra, 209 N.J.Super. at 67, 506 A.2d 1258 (citing Wolczak v. National Elec. Prods. Corp., 66 N.J.Super. 64, 75, 168 A.2d 412 (App.Div.1961)).]
Plaintiff argues that the exception to the general rule imposing liability on the landowner is inapplicable here for two reasons: (1) plaintiff fell through a section of the roof not a part of the contract between Chris Anderson and Celotex; and (2) Reddy and Douglas "clearly possessed control over the site if they chose to exercise it." We reject both points. Augy's was retained by Chris Anderson to install galvanized steel sheeting on Celotex's roof. Once the roofing work was delegated to Augy's, Celotex had no duty to eliminate the operational hazards which were incidental to the very work Augy's was hired to perform. At that point Celotex and its employees could reasonably assume that plaintiff or his superiors were "possessed of sufficient skill to recognize the degree of danger involved and to adjust their methods of work accordingly." Wolczak, supra, 66 N.J.Super. at 75, 168 A.2d 412. Moreover, Augy's owner, Maltais, personally inspected the roof prior to commencement of the work, was aware of the dangers inherent in walking on transite, and advised plaintiff and other employees of that danger. Plaintiff obviously knew of the hazard; he testified that he was standing on a truss before accidentally stepping on the transite and falling through the roof. The fact that plaintiff's injury occurred on a part of the roof not scheduled to be repaired is of no legal consequence. The potential that a roofer may fall through any part of an old roof is an inherent risk reasonably foreseeable to the worker.
Contrary to plaintiff's argument, the Celotex defendants had no control over the roof during its repair. Indeed, when the accident occurred there was not a single Celotex employee on the roof. Additionally, Celotex did not provide plaintiff or plaintiff's employer with any equipment or tools to perform the work, nor did Celotex attempt to control or oversee the manner by which the roofing work was completed. Plaintiff's reliance on Carvalho v. Toll Bros. & Developers, 143 N.J. 565, 675 A.2d 209 (1996), is unpersuasive. There, an on-site engineer retained by the owner was fully aware of dangers inherent in a deep sewer excavation, and failed to warn employees of a subcontractor of those dangers. The Court found a duty on the engineer's part to warn of the danger, in part because of his actual knowledge of the unsafe condition and his measure of control over the job site. Id. at 577-78, 675 A.2d 209. Here, no Celotex representative was at the job site when plaintiff was injured. Further, unlike Carvalho, Celotex could reasonably assume that Chris Anderson and its subcontractors would be aware of the dangers inherent in the work and, applying their own expertise in roof reconstruction, take necessary steps to prevent harm to the workers.
Lastly, we reject plaintiff's argument that the defendant employees "could be *1287 found negligent due to complete disregard of OSHA[2] regulations." As noted, the contract between Chris Anderson and Celotex provided that Chris Anderson, as general contractor, was responsible for compliance with OSHA standards. Further, OSHA regulations impose a duty to maintain a safe workplace upon "the employer," which is defined as a "contractor or subcontractor." Meder v. Resorts Int'l Hotel, Inc., 240 N.J.Super. 470, 476, 573 A.2d 922 (App.Div. 1989), certif. denied, 121 N.J. 608, 583 A.2d 310 (1990) (citing pertinent C.F.R. regulations). These regulations do not apply to owners of property, or their employees and "do not impose any affirmative duty of compliance upon such owner." Dawson, supra, 289 N.J.Super. at 321, 673 A.2d 847.
Affirmed.
NOTES
[1] Plaintiff's wife, Lisa Rigatti, was a named plaintiff on her per quod claim. For ease of reference, we will refer to Peter Rigatti as plaintiff in the singular.
[2] Occupational Safety & Health Administration.