```
┌─────────────────────────────────────────────────────────┐
│            NOT FOR PUBLICATION WITHOUT THE                │
│          APPROVAL OF THE APPELLATE DIVISION               │
│                                                           │
│ This opinion shall not "constitute precedent or be        │
│ binding upon any court." Although it is posted on the     │
│ internet, this opinion is binding only on the             │
│ parties in the case and its use in other cases is         │
│ limited. R. 1:36-3.                                       │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5022-16T1


RICARDO SUAREZ,

    Plaintiff-Appellant,

v.

HATCO CHEMICAL CORP.,

    Defendant.

_____

CHEMTURA CORPORATION,[1]

    Defendant/Third-Party
    Plaintiff-Respondent,

v.

SECURITAS SECURITY SERVICES,

    Third-Party Defendant.

_____

        Submitted May 29, 2018 - Decided  July 23, 2018

        Before Judges Accurso and Vernoia.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Docket No.
        L-7580-15.

---

[1]  Improperly plead as Hatco Chemical Corp.

Larry S. Geller, attorney for appellant.

Becker LLC, attorneys for respondent (Joseph F. Falgiani, on the brief).

PER CURIAM

Plaintiff Ricardo Suarez appeals from a summary judgment dismissing his premises liability complaint against defendant Chemtura Corporation. We affirm.

Viewed in the light most favorable to plaintiff,[2] the facts are as follows. Plaintiff, twenty-years-old at the time of the accident, was employed as a security guard by Securitas Security Services,[3] assigned to defendant's chemical plant in Fords, New Jersey. He worked the midnight to 8:00 a.m. shift. When he arrived for work on February 3, 2015, defendant's maintenance

---

[2] Plaintiff did not comply with the requirement of R. 4:46-2(b) to file a responding statement of material facts either admitting or disputing each of the facts in the movant's statement. Instead, he filed his own statement of material facts, not referencing defendant's statement. Plaintiff's obligation to respond in accordance with the Rule was not optional. See Polzo v. Cty. of Essex, 196 N.J. 569, 586 (2008). He is thereby deemed to have admitted those facts in defendant's statement having sufficient support in the record. See R. 4:46-2(b). As the essential facts are either drawn from the transcript of plaintiff's deposition or the contract between defendant and plaintiff's employer, Securitas Security Services, both of which are included in the appendix, his non-compliance has not impeded our review. See Kenney v. Meadowview Nursing & Convalescent Ctr., 308 N.J. Super. 565, 569 (App. Div. 1998).

[3] Securitas did not file a brief and is not a party to this appeal.

crew was just finishing plowing and salting the plant's interior roads and walkways. It had not snowed that day but there was snow on the ground. Plaintiff had seen the crew plowing and salting at the end of his shift the day before. As he was leaving, his supervisor told him if the conditions were bad when he came in that evening, he did not have to go out.

The plant is situated on seventy-seven acres and consists of multiple buildings and structures. Plaintiff was responsible for walking the property, checking to see that doors and gates were locked and reporting any unsafe conditions, including ice on the ground.[4] Plaintiff testified conditions were fine when he began his tour, "dark and cold. That's it." His first tour the morning of the accident was uneventful. He did not notice any icy conditions. He did not see any ice on his second tour either. As he was nearing the end of that tour, however, he slipped on ice near the west lift station, hurting both wrists, his left shoulder and his neck.

After his accident, plaintiff returned to the guard house and wrote in the log, "[s]lipped and fell, west lift station, icy conditions." He testified at deposition that he did not

---

[4] The contract between defendant and Securitas provides that security officers shall "[o]bserv[e] and report suspicious activities, unsafe conditions, and security breaches."

A-5022-16T1

recall inspecting the area where he fell but knew he was walking on the snow toward a paved area. When asked how he knew there was ice under the snow if he did not inspect the area, plaintiff replied, "I slipped. . . . [Y]ou can't slip on snow." In his own statement of material facts, plaintiff asserted the maintenance crew "[o]bviously . . . did not see the black ice" on which he fell either "or they would have spread salt on it."

Defendant submitted its snow removal protocol for the Fords plant in support of its motion. The policy details responsibilities for plowing and salting interior roadways and shoveling and salting sidewalks "to insure the plant stays open and all Hatco employees, suppliers and customer trucks, can enter and leave site safely."

Following discovery, defendant moved for summary judgment, contending it owed no duty to plaintiff under the independent contractor exception of Wolczak v. National Electric Products Corp., 66 N.J. Super. 64, 75 (App. Div. 1961) (noting "the unimpaired line of holdings to the effect that the duty to provide a reasonably safe working place for employees of an independent contractor does not relate to known hazards which are part of or incidental to the very work the contractor was hired to perform"). Alternatively, defendant argued plaintiff failed to carry his burden to show it had actual or constructive

notice of the icy condition where he fell or, assuming such notice, that it failed to act in a reasonably prudent manner to remove or reduce the hazard. Plaintiff opposed the motion, arguing defendant owed him a non-delegable duty of reasonable care, and that material disputes of fact precluded the entry of summary judgment.

The trial court entered summary judgment for defendant, dismissing plaintiff's complaint. Relying on Wolczak, the judge found defendant had no duty to plaintiff to guard against "a known hazard incidental to the very work that the gentleman was hired . . . to warn about." The judge further found defendant had no constructive notice, opining that "no reasonable[,] rational Essex County jury could find that in fact that defendant breached a duty here."

Plaintiff appeals, arguing the trial court erred in concluding defendant did not owe him a duty and that material disputed facts precluded summary judgment.

We review summary judgment using the same standard that governs the trial court. Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012). Thus, we consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp., Inc. v. Nowell

Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)).  In considering application of the law to the facts adduced on the motion, our review is de novo without deference to any interpretive conclusions we believe mistaken.  Nicholas v. Mynster, 213 N.J. 463, 478 (2013); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).  Applying those principles here, we agree summary judgment was appropriate, although not for precisely the same reasons as the trial court.  See State v. Maples, 346 N.J. Super. 408, 417 (App. Div. 2002) (an appeal is taken from the court's order rather than reasons for the order).

We acknowledge the long line of cases, represented by Wolczak, expressing "[t]he general principle . . . that the landowner is under no duty to protect an employee of an independent contractor from the very hazard created by the doing of the contract work," provided the landowner has not retained "control over the means and methods of the execution of the project."  Muhammad v. N.J. Transit, 176 N.J. 185, 198 (2003) (quoting Gibilterra v. Rosemawr Homes, 19 N.J. 166, 170 (1955)).[5] But in our view, the facts of this case are much closer to those

_____

[5]  No one suggests defendant retained any control over how plaintiff performed his duties.

A-5022-16T1

in <u>Moore v. Schering Plough, Inc.</u>, 328 N.J. Super. 300, 305 (App. Div. 2000), where we addressed directly "the duty owed to a security guard with respect to ice and snow accumulating on walkways traveled on his usual rounds," than those on which defendant relies.

The plaintiff in <u>Moore</u> was a security guard employed by Wachenhut, which had a contract with Schering Plough to provide around-the-clock security services at Schering's sprawling Essex County facility. <u>Id.</u> at 303. Moore was injured when he slipped on snow walking between two buildings on a day the complex was closed between Christmas and the New Year. <u>Ibid.</u> Writing for the panel, Judge King noted the cases finding exceptions to the duty of reasonable care owed by a landowner to the employees of an independent contractor "invariably involve the 'very work the contractor was hired to perform,' such as operational hazards inherent in repairing a defective roof." <u>Id.</u> at 306 (quoting <u>Rigatti v. Reddy</u>, 318 N.J. Super. 537, 541-42 (App. Div. 1999)).

Noting that none of the parties alleged Moore had anything to do with snow removal on the walkways, although "[h]is superiors may have had a duty to notify Schering's maintenance foreman when the snow started," Judge King held Schering had a duty of reasonable care to Moore for the safety of the security guard with respect to snow and ice accumulation while on his

rounds.  Id. at 307.  Whether Schering had discharged its duty under all the circumstances was a question for the jury.  Ibid.

This case is not on all fours with Moore, because plaintiff testified at deposition it was his responsibility to report unsafe conditions at the plant, including the presence of accumulated ice and snow.  Although we are not nearly so sanguine as the trial judge about the absence of a duty to plaintiff under the circumstances of this case, we do not need to consider the issue further.  Even assuming a duty existed, we agree with the trial judge no reasonable jury could find for plaintiff on this record.

In order to establish defendant's liability, plaintiff needed to show:  "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages."  Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013)).  Because this is a premises liability case and plaintiff a business invitee, see Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 43 (2012), defendant owed plaintiff "a duty of reasonable care to guard against any dangerous conditions on [its] property that the owner either knows about or should have discovered.  That standard of care encompasses the duty to conduct a reasonable inspection to discover latent dangerous

conditions."  Id. at 44 (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993)).  "[A]n invitee seeking to hold a business proprietor liable in negligence 'must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'"  Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015) (quoting Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003)).

The absence of actual or constructive notice of the dangerous condition is generally fatal to a plaintiff's claim of premises liability, Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013), and it is here.  The undisputed facts in the motion record make clear defendant was without actual or constructive notice of the icy condition near the plant's west lift station.  There was obviously no actual notice because plaintiff, who had already walked the area just two hours before the accident, testified he did not see ice at any time before or after he fell.  Plaintiff himself asserted on the motion that defendant's maintenance crew had not seen the black ice either, "or they would have spread salt on it."

As to constructive knowledge, plaintiff testified defendant's maintenance crew had just finished plowing and salting when he arrived for work and that conditions were fine

when he began his tour. Indeed, plaintiff testified at his deposition that he did not use the spotlight he was carrying to determine whether conditions were icy in the area where he fell "[b]ecause everything seemed okay." If plaintiff, who had twice walked the area in the hours before the accident, saw nothing to put him on notice of the icy conditions near the west lift, we cannot see how defendant could be charged with such notice.

Further, plaintiff offered no proof defendant failed to exercise reasonable care in its maintenance of the roads and sidewalks he traversed in the course of his duties at the plant, even assuming it had notice of the icy conditions. Defendant had a snow removal protocol in place at the time of the accident, which it was apparently following as plaintiff testified the crews had just finished plowing and salting the entire plant just as he arrived, even though it had not snowed all day.

Having reviewed the motion record, we are satisfied plaintiff failed to establish a prima facie case of premises liability, entitling defendant to summary judgment dismissing the complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5022-16T1