**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1790-19T3

ANDRES PRIETO,

    Plaintiff-Appellant,

v.

EH ASSOCIATES, LLC d/b/a
FAIRBRIDGE INN & SUITES,

    Defendant-Respondent.

_____

Submitted October 21, 2020 – Decided December 3, 2020

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1556-18.

Amy L. Peterson, PC, and Goffinet Law, LLC, attorneys for appellant (Amy L. Peterson, of counsel and on the briefs; Samuel M. Goffinet, on the briefs).

Clark & Fox, attorneys for respondent (John M. Clark, Patrick J. Reilly, III and James McCarrick, on the brief).

PER CURIAM

Plaintiff Andres Prieto appeals from an order granting defendant EH Associates, LLC d/b/a Fairbridge Inn & Suites' motion for summary judgment and dismissing his personal injury lawsuit. Plaintiff sustained injuries after falling from a ladder while performing work in defendant's hotel. The court granted defendant's summary judgment motion, finding defendant had no liability for plaintiff's injuries because he sustained them while performing work as an independent contractor. Plaintiff contends the court erred because there are genuine issues of material fact that preclude summary judgment. Based on our review of the record, we conclude the court correctly determined there are no disputed issues of material fact, and defendant is entitled to summary judgment as a matter of law. We therefore affirm.

I.

We discern the following facts from the motion record, viewed in the light most favorable to plaintiff, the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). We give plaintiff "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence." Estate of Narleski v. Gomes, 244 N.J. 199, 205 (2020) (quoting Gormley v. Wood-El, 218 N.J. 72, 86 (2014)).

A-1790-19T3

Plaintiff works full-time as a spray painter for a company. At the time he sustained his claimed injuries, plaintiff, Esteban Romero Lujan (Romero), and two others also performed side jobs generally involving painting for various customers. Romero described this group as a "team" with no specific manager or supervisor. The team supplied its own equipment for these side jobs.

Defendant owns an East Hanover hotel. At the time plaintiff sustained his claimed injuries, Danny Barot was the hotel's on-site manager, and his responsibilities included hiring independent contractors to perform work at the hotel. Barot has known Romero for several years, and he occasionally hired Romero to perform painting jobs at his residence and at properties he managed. Before hiring Romero for a job, Barot explained the scope of the project, and Romero determined the amount of labor necessary. When Barot hired Romero for these occasional jobs, Barot did not discuss with Romero how to perform the work, and he did not supervise or control the work performed. Prior to 2017, Barot hired Romero to paint some guest rooms at defendant's hotel, and, on another occasion, he hired Romero to paint a portion of the hotel's exterior.

In September 2017, Barot hired Romero to place sheetrock over skylights in the hotel's ballroom and paint the ballroom's walls. Before Romero accepted the job, he spoke with plaintiff to determine whether the team could perform the

A-1790-19T3

job because plaintiff was more familiar with the type of work required. In September 2017, plaintiff, Romero, and the others on the team worked in the ballroom for three or four days without incident. The team used the same ladders each day to perform the work, and no hotel employees supervised the team's work.

On September 23, 2017, the team arrived at the hotel in the morning. One member of the team opened a side door of the hotel so plaintiff could enter the ballroom with their materials. There were no hotel employees in the ballroom that morning. Once in the ballroom, the team placed plastic on the ballroom's floor. Plaintiff set up a ladder and then climbed it to spackle. Romero owned the ladder, and plaintiff had used it previously on the team's other jobs and during the team's prior days' work in the ballroom. Approximately twenty minutes after he began spackling, plaintiff fell from the ladder. Plaintiff is not sure what caused him to fall because his eyes were focused on the ceiling, not the floor. The record lacks any evidence establishing a physical condition of the hotel caused plaintiff to fall.

On December 13, 2019, the trial court heard oral argument on defendant's summary judgment motion. Defendant argued it did not owe a duty to plaintiff because plaintiff was an independent contractor who brought his own equipment

4

and sustained injuries after failing to properly secure the ladder his team brought to perform the work at the hotel. Defendant further argued plaintiff did not present evidence that it supervised or controlled plaintiff's work or establish that there was any issue concerning plaintiff's or the team's competency as independent contractors. Plaintiff argued defendant violated a duty to plaintiff because it supervised plaintiff, it permitted work to proceed in an unsafe work environment, the work was dangerous, and defendant had a responsibility to ensure the workers were competent to perform the work before hiring them.

After hearing oral argument, the court rendered an opinion from the bench, finding the undisputed facts established defendant hired plaintiff and his team as independent contractors, defendant never controlled the means and methods of plaintiff's work, and defendant never supervised plaintiff's work.[1] The court explained that on the date of the incident, plaintiff failed to properly secure his

_____

[1] The court referenced Romero's statement that plaintiff did not properly place the ladder into position because plaintiff did not fully extend the ladder to ensure it was securely in place. Romero's statements are not competent evidence, however, because they were not "made on personal knowledge." R. 1:6-6. Romero stated he was told by other members of the team that plaintiff improperly placed the ladder. Because Romero's statements are not based on his personal knowledge, we do not rely on them in our review of the court's summary judgment order. Brill, 142 N.J. at 540 (requiring a court to consider whether the competent evidence suffices to resolve a factual dispute in the moving party's favor).

ladder and fell from it as a result. The court also found the record was bereft of evidence establishing plaintiff was defendant's employee or that defendant had reason to believe plaintiff was not competent to do the work. The court determined defendant was entitled to summary judgment as a matter of law because "a landowner is under no duty to protect a contractor's employee from the very hazard created by doing the contract work."

The court entered an order granting defendant summary judgment. Plaintiff appealed and argues the trial court erred because there are genuine issues of material fact which preclude the granting of summary judgment, including issues as to whether plaintiff was an independent contractor or a "casual employee," and whether defendant breached any duty owed to plaintiff.

II.

We review an order granting summary judgment by applying the same standard as the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). Under this standard, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ibid. (quoting R. 4:46-2(c)). We review the trial court's legal

A-1790-19T3

conclusions de novo. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 385 (2010).

It is well-settled that "the difference between an employee and an independent contractor is . . . that[] 'one who hires an independent contractor "has no right of control over the manner in which the work is to be done, [and the work] is to be regarded as the contractor's own enterprise . . . .""" Basil v. Wolf, 193 N.J. 38, 62-63 (2007) (quoting Baldasarre v. Butler, 132 N.J. 278, 291 (1993)). That determination requires consideration of such factors as "the extent of control which, by . . . agreement," the alleged employer "exercise[s] over the details of the work"; whether the individual performing the work "is engaged in a distinct occupation or business"; whether "the work is usually done under the direction of the [alleged] employer or by a specialist without supervision"; the skill required to perform the work; whether the alleged employer or the individual performing the work "supplies the instrumentalities, tools, and the place of work" during the work's performance; the "length of time" the individual performs the work; "the method of payment, whether by the time or by the job"; whether the work is part of the alleged employer's "regular business"; whether "the parties believe they are creating" an employer-employee relationship; and whether the alleged employer is a business. Restatement

(Second) of Agency § 220(2) (Am. Law Inst. 1958); see also Mavrikidis v. Petullo, 153 N.J. 117, 132 (1998) (applying Restatement (Second) of Agency § 220(2) to determine whether an individual was an employee or independent contractor). A court will find an individual is an "independent contractor" if he or she "is a person 'who, in carrying on an independent business, contracts to do a piece of work according to his [or her] own methods without being subject to the control of the employer as to the means by which the result is to be accomplished . . . .'" Muhammad v. N.J. Transit, 176 N.J. 185, 196 (2003) (quoting Bahrle v. Exxon Corp., 145 N.J. 144, 157 (1996)).

Here, defendant presented competent and undisputed evidence that plaintiff and the others comprising the team worked various side jobs for which they provided their own equipment and controlled all aspects of their work. When Barot hired Romero to place sheetrock and paint the hotel's ballroom, he did not discuss with Romero how to perform the work, nor did he or any other representative of defendant supervise or control the work performed by plaintiff and the other members of the team in the ballroom.

These undisputed facts establish plaintiff was an independent contractor who, along with the rest of the team, provided his own equipment, was hired only for the specific span of time it took for the team to complete the job, and

8

performed work that was not part of the hotel's regular business. See Mavrikidis, 153 N.J. at 132 (finding a worker was an independent contractor because he provided his own equipment; the work did not involve the regular business of the employer; the worker was only hired for the span of time it took to complete the job; and the worker was paid per job rather than by hour or month). In opposition to defendant's summary judgment motion, plaintiff did not present any evidence demonstrating he was defendant's employee—casual or otherwise—whose work defendant supervised or for whom defendant controlled the means and method of performing his work.

Under these circumstances, the court correctly found as a matter of law that plaintiff was an independent contractor who carried on an independent business with Romero and the others using their own methods and equipment to perform the work. See Muhammad, 176 N.J. at 196 (finding a company was "clearly" an independent contractor when it was hired to remove asbestos, and the employer did not supervise or direct the project). For the reasons we explain, the court also properly found as a matter of law that defendant, the hotel owner, owed no duty to plaintiff, an independent contractor.

"As a general rule, a landowner has 'a nondelegable duty to use reasonable care to protect invitees against known or reasonably discoverable dangers.'"

A-1790-19T3

Moore v. Schering Plough, Inc., 328 N.J. Super. 300, 305 (App. Div. 2000) (quoting Rigatti v. Reddy, 318 N.J. Super. 537, 541 (App. Div. 1999)). Notwithstanding this non-delegable duty, "the landowner '[i]s under no duty to protect an employee of an independent contractor from the very hazard created by doing the contract work.'" Rigatti, 318 N.J. Super. at 541-42 (alteration in original) (quoting Dawson v. Bunker Hill Plaza Assocs., 289 N.J. Super. 309, 318 (App. Div. 1996)). "This exception is carved out of the landowner's general duty to protect his invitees because the landowner may assume that the independent contractor and [its] employees are sufficiently skilled to recognize the dangers associated with their task and adjust their methods accordingly to ensure their own safety." Accardi v. Enviro-Pak Sys. Co., 317 N.J. Super. 457, 463 (App. Div. 1999).

The exception does not apply (1) when "the landowner retains control over the 'manner and means'" of the independent contractor's work; (2) when the landowner hires an incompetent contractor; or (3) when the activity constitutes a "nuisance per se." Ibid. (quoting Dawson, 289 N.J. Super. at 318); see also Majestic Realty Assocs., Inc. v. Toti Contracting Co., 30 N.J. 425, 431 (1959); Tarabokia v. Structure Tone, 429 N.J. Super. 103, 113 (App. Div. 2012).

Here, defendant had no duty to protect plaintiff from the very hazard created by doing the contract work because the team was comprised of independent contractors, Rigatti, 318 N.J. Super. at 541-42, and defendant did not retain control over the manner and means of the team's work. The undisputed facts establish Barot did not instruct Romero, the team, or plaintiff on how to perform the work; neither Barot nor any of defendant's other employees supervised the team or its work; and the team used its own equipment, including the ladder from which plaintiff fell. See Slack v. Whalen, 327 N.J. Super. 186, 194, 196 (App. Div. 2000) (holding landowners owed no duty to a worker injured on the job when they did not control the methods or means of the project, did not provide any equipment for the project, and did not supervise the workers). Similarly, the record lacks any evidence establishing plaintiff or the others on the team were incompetent contractors or that plaintiff's work constituted a nuisance per se. See Majestic Realty, 30 N.J. at 431-40 (describing proofs required to establish a contractor's incompetency and to establish work constitutes a nuisance per se). The court therefore properly found as a matter of law that defendant owed no duty to protect plaintiff from the hazard he created when he fell from the ladder he brought and set up to perform the team's tasks as an independent contractor. See Slack, 327 N.J. Super. at 194

(finding the defendants could not be held liable when they "were completely unaware of the methods [the] plaintiff was utilizing to spackle the ceiling, and knew nothing of the risk of harm [the] plaintiff himself created by climbing into the rafters and standing on the board").

We further find defendant owed no duty under general negligence principles, which plaintiff argues should be applied in this case. Under general negligence principles, "foreseeability of the risk of injury" is a "major consideration" in determining the existence of a duty. Tarabokia, 429 N.J. Super. at 113-14. Other considerations include "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." Id. at 114 (quoting Alloway v. Bradlees, Inc., 157 N.J. 221, 230 (1999)). In sum, "[t]he analysis leading to the imposition of a duty of reasonable care . . . must satisfy 'an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy.'" Ibid. (alterations in original) (quoting Alloway, 157 N.J. at 230).

Here, defendant did not control the means or methods of plaintiff's work or supply the equipment, and there is no evidence defendant was aware of the risk of harm plaintiff created for himself by climbing the ladder he supplied to perform his work as an independent contractor. Barot hired Romero, who then

12

brought in the team to perform the work with its own equipment, using its own means and methods, and without any supervision or direction from defendant. Under these circumstances, "'fairness and policy' preclude imposing a tort duty on defendant[]." See Slack, 327 N.J. Super. at 194. We therefore affirm the court's order granting defendant summary judgment.

Plaintiff's arguments to the contrary are unavailing. For example, plaintiff argues there is a genuine issue of material fact because plaintiff observed a woman, who he "imagine[d]" worked for the hotel, sleeping in the ballroom where the work was performed. His belief the woman worked for the hotel is not a fact grounded in his personal knowledge, see R. 1:6-6, and, even if she worked at the hotel, plaintiff did not present any evidence the woman had authority to direct the team's and plaintiff's work. The woman's purported presence does not create a genuine issue of material fact because it is not based on competent evidence and her slumberous presence, without more, is "of an insubstantial nature" to any proper determination of defendant's alleged legal duty to plaintiff. Brill, 142 N.J. at 529 (quoting Judson v. Peoples Bank & Tr. Co., 17 N.J. 67, 75 (1954)).

Equally unpersuasive is plaintiff's claim there is a genuine issue of material fact as to whether defendant is a "de facto general contractor."

13                                                                    A-1790-19T3

Defendant owed no duty to plaintiff even if it is deemed a general contractor because it did not control the means and methods of plaintiff's work, did not supervise plaintiff or the team, and did not provide the ladder, which plaintiff brought to the work site and set up himself.  See Slack, 327 N.J. Super. at 194, 196 (finding landowners who took on the role of general contractor owed no duty to a worker injured on the job when they did not control the methods or means of the project, did not provide any equipment for the project, and did not supervise the workers); cf. Costa v. Gaccione, 408 N.J. Super. 362, 365-66, 374-75 (App. Div. 2009) (finding a property owner acting as his own general contractor "could at least be found jointly liable with others sharing control of the locus of the accident" because the property owner hired subcontractors, purchased materials, frequented the site, and oversaw the workplace).

Finally, we reject plaintiff's argument that the jury must decide the issue of comparative negligence because, as we have explained, defendant owed no duty to plaintiff, and, therefore, it cannot be found liable as a matter of law. Johnson v. Usdin Louis Co., 248 N.J. Super. 525, 529 (App. Div. 1991) ("[B]efore recovery may be had, a duty must exist in law and a failure in that duty must be proved as a fact." (quoting Mergel v. Colgate-Palmolive-Peet Co., 41 N.J. Super. 372, 379 (App. Div. 1956))).

14

To the extent we have not discussed any other arguments raised by plaintiff, they do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION