**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2450-22

JOSEPH E. DEVANEY, JR., and
PAULA DEVANEY, husband and
wife,

      Plaintiffs-Appellants,

v.

THE CHEMOURS COMPANY FC,
LLC, WJV GENERAL
CONTRACTORS, LLC, and
BROWN & ROOT INDUSTRIAL
SERVICES, LLC,

      Defendants-Respondents.

_____

Argued April 16, 2024 – Decided May 2, 2024

Before Judges Mayer, Whipple and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Docket No. L-0221-19.

Michael Charles Shapiro argued the cause for appellants (Stark & Stark, PC, attorneys; Evan J. Lide and Michael Charles Shapiro, of counsel and on the briefs).

Diane Fleming Averell argued the cause for respondents (Porzio, Bromberg & Newman, PC, attorneys for respondent The Chemours Company FC, LLC; Diane Fleming Averell and Jennifer Amanda Kelliher, of counsel and on the joint brief).

Hill Wallack, LLP, attorneys for respondent WJV General Contractors, LLC (Andrew S. Riso, of counsel and on the joint brief).

Donnelly, Petrycki & Sansone, attorneys for respondent Brown and Root Industrial Service, LLC (Robert J. Gillispie, Jr., of counsel and on the joint brief)

PER CURIAM

Plaintiff Joseph Devaney[1] appeals the March 21, 2023 order granting summary judgment to defendants Chemours Company FC, LLC (Chemours) along with WJV General Contractors, LLC (WJV) and Brown & Root Industrial Services, LLC (B&R) (collectively defendants). We agree with the trial court's ruling that plaintiff cannot establish defendants owed him a duty of care because the ongoing storm rule, announced by the Supreme Court in Pareja v. Princeton International Properties, 246 N.J. 546 (2021), applies. We affirm.

---

[1] Paula Devaney asserted a per quod claim based on Joseph's injury. For simplicity's sake, we refer to Joseph as the sole plaintiff.

Plaintiff was a security guard for G4S, the contractor that provided security services for Chemours. As a security guard, one of his responsibilities was to inspect incoming and outgoing cars at Chemours' entrance and exit. The area plaintiff was tasked with inspecting was known as the "100% inspection area." When walking from the inbound to the outbound area, plaintiff would either walk around the area or go through a doorway. Plaintiff would go through the doorway to the outbound lane that required inspection as it was "[t]he best way to get there."

On January 4, 2018, four days before plaintiff's slip and fall, there was a winter storm that resulted in less than four inches of snow and .23-.35 inches of precipitation. On January 8, 2018, a winter storm, with light snow, sleet, and freezing rain, began at 2 p.m. and did not end until around 9:30 p.m. Once Chemours became aware of icy conditions at the facility at 6:45 p.m., they contacted WJV and B&R to respond to Chemours' facility. WJV and B&R were contracted to provide snow and ice removal at Chemours' facility for the season. An email was also sent to employees, security guards, and snow contractors to notify them of the conditions. The email advised the facility was prepared with salt, and ice/snow removal crews would be mobilized if needed.

A-2450-22

Plaintiff began his shift at 6 p.m. Then, at around 8:30 p.m., while plaintiff was walking his usual path, he slipped on asphalt into a doorway between the inbound and outbound area of the inspection zone.[2] Plaintiff sustained injuries, which resulted in multiple surgeries.

On December 5, 2019, plaintiff filed a complaint alleging bodily injury caused by a slip and fall on wintry conditions at Chemours' premises. In 2021, while this litigation was still pending, our Supreme Court issued its decision in Pareja, and adopted the ongoing storm rule. Under the ongoing storm rule, commercial landowners do not have a duty to remove the accumulation of snow and ice until the conclusion of the storm. WJV and B&R were also named as defendants. On February 3, 2023, defendants filed a joint motion for summary judgment arguing they were not liable due to the ongoing storm rule adopted following Pareja.

On March 21, 2023, the trial court granted defendants' motion for summary judgment and dismissed all claims against Chemours, WJV, and B&R with prejudice. This appeal followed.

---

[2] At 10:30 p.m., Chemours was notified another security officer had fallen at 7:15 p.m., in a different location from where plaintiff fell and before plaintiff's fall.

We review orders granting summary judgment de novo and apply the same standard as the trial court. Lee v. Brown, 232 N.J. 114, 126-27 (2018). "[S]ummary judgment will be granted if there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Conley v. Guerrero, 228 N.J. 339, 346 (2017) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). To determine whether there are genuine issues of material fact, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).

Here, the trial court did not err in granting summary judgment to defendants; thus, we find no reason to disturb the trial court's ruling. It is well

5

settled the plaintiff in a negligence action must prove: (1) defendant owed plaintiff a duty of care; (2) defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) damages. Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). A commercial landowner has a duty to maintain safe premises, which extends to any area where invitees are expected to go and requires them to protect an invitee from "known or reasonably discoverable dangers." Moore v. Schering Plough, Inc., 328 N.J. Super. 300, 305-06 (App. Div. 2000) (quoting Rigatti v. Reddy, 318 N.J. Super. 537, 541 (App. Div. 1991)). Specifically, a commercial landowner has a duty to dispose of snow and ice in its parking lots and walkways. Moore, 328 N.J. Super. at 307.

In Pareja, the plaintiff slipped, fell, and injured himself on a driveway apron, which was private property owned by defendant, Princeton International. 246 N.J. at 549. Hours prior to the incident, freezing rain, light rain, and sleet had fallen. Ibid. At the time of the plaintiff's injury, precipitation was ongoing. Id. The Court held "commercial landowners do not have a duty to remove the accumulation of snow and ice until the conclusion of the storm." Id. at 558. Adopting this rule, the Court relieved

commercial landowners of the duty to continuously clear snow and ice from their property throughout the duration of an inclement winter weather event.

> [S]uch a duty does not consider the size, resources, and ability of individual commercial landowners or recognize that what may be reasonable for larger commercial landowners may not be reasonable—or even possible—for smaller ones. While we trust juries to uphold their duties to evaluate reasonableness, we do not wish to submit every commercial landowner to litigation when it is not feasible to provide uniform, clear guidance as to what would be reasonable. We decline to impose a duty that cannot be adhered to by all commercial landowners.
>
> [Id. at 557 (footnote omitted).]

Here, it is undisputed that plaintiff's slip-and-fall occurred during the snowstorm. Thus, the ongoing storm rule applies, relieving defendants of any duty of care they may have owed plaintiff.

Plaintiff argues retrospective application of the ongoing storm rule contradicts the negligence jurisprudence that provides individuals recourse if they are seriously injured due to a defective sidewalk. However, the trial court correctly rejected plaintiff's argument concerning retroactive application, because nothing in Pareja required prospective application only. In Pareja itself the Court applied the newly rendered ongoing storm doctrine, to a 2015 slip-and-fall that occurred during an ongoing storm. Id. at 549.

A-2450-22

We also reject plaintiff's additional arguments that we should not extend the ongoing storm rule to include sidewalks of highly secure, restricted-access industrial facilities such as Chemours. This argument overlooks Pareja's goal of providing "uniform, clear guidance" for all commercial landowners. Pareja rejects the distinction between public and private ownership, to ensure uniformity. We decline to draw arbitrary lines for the type of property that falls under Pareja. Therefore, there is no reason to limit Pareja's application to exclude facilities such as Chemours.

The standard under Pareja is that remediation is required within a reasonable time after storm has ended. 246 N.J. at 558. "Given the unreasonableness of removing the accumulation of snow and ice while a storm is ongoing" liability would only attach to WJV and B&R after the storm ended, which in this case was about 9:00 p.m., well after the plaintiff's fall. Id. at 558.

Based on our review of the summary judgment record in light of the Court's opinion in Pareja, we are satisfied the trial court correctly considered the entire record and determined the ongoing storm rule bars plaintiffs' negligence claim against defendants as a matter of law. We also reject plaintiffs' claim there are genuine issues of material fact supporting a finding

8

of liability under the exceptions to the ongoing storm rule recognized by the Court in <u>Pareja</u>.

Any remaining arguments raised by plaintiff are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION