**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3068-23

PASQUALE VOLPE and
ARLENE VOLPE,
husband and wife,

     Plaintiffs-Appellants,

v.

CLUSTERS AT WASHINGTON,

     Defendant-Respondent.

_____

Submitted November 3, 2025 – Decided January 7, 2026

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-0637-22.

Law Offices of Stephen Guice PC, attorney for appellants (Stephen W. Guice, on the brief).

Cutolo Barros LLC, attorneys for respondent (Jaclyn M. Kavendek, of counsel and on the brief; Matthew Forys, on the brief).

PER CURIAM

Plaintiffs Pasquale and Arlene Volpe[1] appeal from an order granting summary judgment to defendant Clusters at Washington and dismissing their complaint seeking recovery for personal injuries resulting from Pasquale's fall on the steps leading to their condominium unit. Plaintiff's further appeal from an order denying reconsideration. Having considered the parties' arguments in light of the record and applicable legal principles, we affirm.

I.

Plaintiffs are long-time residents of the defendant condominium complex. Plaintiff alleges he was injured when a sleeve on the stairway railing to his condominium slid down as he attempted to use it, causing him to lose his balance, fall and sustain injuries. Plaintiff's complaint asserts defendant was negligent in failing to properly install and maintain the railing, which was located in a common area of the complex. During discovery, which included several extensions, plaintiff did not provide an expert report on liability or causation, nor did he depose any witnesses or representatives of defendant.

After discovery concluded, defendant moved for summary judgment, contending plaintiff could not establish a prima facie case of negligence

---

[1] We refer to Mr. Volpe by his first name due to the parties common surname. We mean no disrespect. For the remainder of the opinion, we refer to Mr. Volpe as plaintiff, as Ms. Volpe's claim is per quod only.

A-3068-23

because, in this instance, defendant's alleged breach of duty and causation were required to be provided by expert opinion. Plaintiff opposed the motion, contending the case was not so "esoteric" as to require expert opinion and an inference of negligence is presumed based on his res ipsa loquitur claim, which precludes the grant of summary judgment. Plaintiff also moved for an extension of the discovery period.

The court granted defendant's motion and denied plaintiff's motion to extend discovery as moot. In its written decision, the court emphasized, to establish negligence, plaintiff must establish duty, breach, causation, and damages by a preponderance of the evidence. The court acknowledged the defendant owed a duty of reasonable care to the plaintiff and the stairs and railing where the accident occurred were under the defendant's exclusive control.

However, when assessing whether there was a breach of duty, the court found that the plaintiff failed to provide the necessary expert opinion or any other competent evidence regarding the basis of defendant's alleged breach of its duty of care. Viewing the facts most favorably to the plaintiff, the court found expert opinion was required to prove defendant breached its duty of care. The court also found plaintiff had failed to show defendant had notice of the

3 A-3068-23

alleged dangerous condition of the railing despite plaintiff using the stairs numerous times without incident nor having shown any prior complaints about the railing. The court also rejected plaintiff's argument concerning res ipsa loquitor, finding the incident did not "bespeak negligence" since there are multiple ways a fall might occur unrelated to a property owner's negligence. Given the lack of competent proof satisfying the breach element, the court granted summary judgment to defendant and entered an order dismissing plaintiff's complaint with prejudice.

Plaintiff moved for reconsideration and provided new evidence consisting of a video, rail installation instructions, work orders, and a new certification. In its decision, the court applied the standard set forth in Rule 4:49-2 and found reconsideration is warranted only in instances where the court's decision was palpably incorrect or irrational, or if the court failed to appreciate significant, competent evidence, and plaintiff's motion failed to meet these standards. The court also found the new evidence submitted by plaintiff was not provided in discovery or in opposition to defendant's motion for summary judgment, and plaintiff failed to justify why this information was not previously submitted. Finding its basis for reconsideration must be limited to the evidence that was

A-3068-23

initially before the court, it did not consider the new evidence, and denied plaintiff's motion.

On appeal, plaintiff contends the court erred by granting summary judgment and denying reconsideration because "genuine non-esoteric issues of material fact and law were required to be addressed by a jury." Plaintiff specifically asserts the court erred because (1) a jury member's common knowledge and experience is sufficient to allow it to find a breach of duty of care without expert testimony; and (2) res ipsa loquitor applied, as plaintiff's accident bespeaks of negligence, which precludes the grant of summary judgment.

## II.

A trial court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

On appeal, we employ the same summary judgment standard. Townsend v. Pierre, 221 N.J. 36, 59 (2015). If there is no factual dispute, and only a legal issue to resolve, the standard of review is de novo and the trial court rulings "are

5

not entitled to any special deference." <u>Manalapan Realty v. Manalapan Twp. Comm.</u>, 140 N.J. 366, 378 (1995).

A.

We first address plaintiff's contention summary judgment was improperly granted because expert opinion was not required to show a breach of the applicable standard of care for installing, maintaining, or inspecting railing sleeves. Plaintiff contends the fall, which he claims was exclusively caused by the loose railing sleeve, is not an "esoteric" occurrence that requires expert opinion.

Plaintiff specifically contends defendant improperly installed the railing sleeve, causing the dangerous condition, and a juror using common knowledge and experience is capable of concluding defendant breached its duty of care to plaintiff. Plaintiff asserts a jury would be able to determine defendant had breached its duty of care to properly install the railing and to inspect and maintain it per the condominium association's rules and regulations. We are not persuaded by this argument.

A cause of action for negligence "requires the establishment of four elements: (1) a duty of care; (2) a breach of that duty; (3) actual and proximate causation; and (4) damages." <u>Jersey Cent. Power & Light Co. v. Melcar Util.</u>

6

Co., 212 N.J. 576, 594 (2013). The plaintiff "bears the burden of establishing those elements 'by some competent proof.'" Davis v. Brickman Landscaping Ltd., 219 N.J. 395, 406 (2014) (citing Buckalew v. Grossbard, 87 N.J. 512, 524 (1981), then quoting Overby v. Union Laundry Co., 28 N.J. Super. 100, 104 (App. Div. 1953)). A breach of the duty of care occurs when a person's "conduct . . . falls below a standard recognized by the law as essential to the protection of others from unreasonable risks of harm." Marshall v. Klebanov, 378 N.J. Super. 371, 378 (App. Div. 2005) (quoting Sanzari v. Rosenfeld, 34 N.J. 128, 134 (1961)). "Although the existence of a duty is a question of law, whether the duty was breached is a question of fact." Jerkins v. Anderson, 191 N.J. 285, 305 (2007) (citing Anderson v. Sammy Redd & Assocs., 278 N.J. Super. 50, 56 (App. Div. 1994)).

A landowner generally has "a non-delegable duty to use reasonable care to protect invitees against known or reasonably discoverable dangers." Rigatti v. Reddy, 318 N.J. Super. 537, 541 (App. Div. 1999) (quoting Kane v. Hartz Mountain Indus., Inc., 278 N.J. Super. 129, 140 (App. Div. 1994)). When an invitee is injured by a dangerous condition, the owner is liable for such injuries if the owner had actual or constructive knowledge of the dangerous condition that caused the accident. Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257

7

(2015). However, notice is not required if the injured plaintiff can establish that the defendants created the dangerous condition. Craggan v. Ikea USA, 332 N.J. Super. 53, 61 (App. Div. 2000).

"In most negligence cases, the plaintiff is not required to establish the applicable standard of care." Davis, 219 N.J. at 406 (citing Sanzari, 34 N.J. at 134). "In some cases, however, the 'jury is not competent to supply the standard by which to measure the defendant's conduct,' and the plaintiff must instead 'establish the requisite standard of care and [the defendant's] deviation from that standard by 'present[ing] reliable expert testimony on the subject.'" Id. at 407 (alterations in original) (citations omitted); see also N.J.R.E. 702 (permitting expert testimony "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue").

"The necessity of expert testimony is determined by the sound exercise of discretion by the trial judge." Maison v. NJ Transit Corp., 460 N.J. Super. 222, 232 (App. Div. 2019). "[W]hen deciding whether expert testimony is necessary, a court properly considers 'whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the [defendant] was reasonable.'" Davis, 219 N.J. at 407 (alteration in original) (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 283

(1982)); see also Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387, 394 (2001) (holding expert testimony was not needed when the jury's "common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence" (quoting Est. of Chin v. Saint Barnabas Med. Ctr., 160 N.J. 454, 469 (1999))).

In cases where "the factfinder would not be expected to have sufficient knowledge or experience[,]" expert testimony is needed because the jury "would have to speculate without the aid of expert testimony." Torres v. Schripps, Inc., 342 N.J. Super. 419, 430 (App. Div. 2001) (citing Kelly v. Berlin, 300 N.J. Super. 256, 268 (App. Div. 1997)). This is especially true when the alleged negligent act or omission involves technical or specialized matters. Davis 219 N.J. at 407.

We concur with the trial court that plaintiff established defendant, as owner of the common area where the railing was located, had a duty of care requiring it to safely install and maintain the railing in a reasonably safe condition for its normal use. However, without expert opinion, the jury will be left to speculate whether defendant breached this duty of care. We reject plaintiff's "common knowledge" contention because the cause as to the reasons the railing sleeve dislodged and whether this was a proximate cause of plaintiff's

fall were required to be presented through expert opinion. We conclude the proper installation of a railing is not within the common knowledge of a juror. Although the loose rail sleeve creates factual issues that a dangerous condition may have existed, plaintiff has failed to provide competent expert evidence showing a genuine issue of material fact exists that defendant created the dangerous condition by faulty installation, failed to properly maintain the railing or that it had actual or constructive notice of the alleged dangerous condition.

Although we recognize plaintiff submitted additional evidence including a video, instructions for the railing installation, and work orders in his motion for reconsideration, the court properly excluded this evidence because it was not part of the record in the motion for summary judgment nor was it new evidence that could not have been previously provided. See Palombi v. Palombi, 414 N.J. Super. 274, 289, (App. Div. 2010) (determining facts known to party prior to entry of an original order did not provide an appropriate basis for reconsideration); See also Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (determining a party is not entitled to reconsideration where evidence was available but not submitted to the court on the motion for the original order). We conclude the court did not err by not

considering this new evidence presented in plaintiff's motion for reconsideration as its basis to deny the motion.

B.

We now turn to plaintiff's contention that the court erred by rejecting his res ipsa loquitor claim. The doctrine of res ipsa loquitur, which means "the thing speaks for itself," is an "evidentiary rule grounded in principles of equity." Jerista v. Murray, 185 N.J. 175, 191-92 (2005) (quoting Myrlak v. Port Auth. of N.Y. & N.J., 157 N.J. 84, 95 (1999)). "Res ipsa loquitur is grounded in probability and the sound procedural policy of placing the duty of producing evidence on the party who has superior knowledge or opportunity for explanation of the causative circumstances." Buckelew v. Grossbard, 87 N.J. 512, 526 (1981) (italicization omitted). The res ipsa doctrine "allows the factfinder to draw an inference of negligence against the party who was in exclusive control of the object or means that caused the accident." Jerista 185 N.J. at 192.

To establish res ipsa loquitur, a plaintiff must show "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances

11

that the injury was the result of the plaintiff's own voluntary act or neglect." Jerista 185 N.J. at 192 (quoting Buckelew 87 N.J. at 525).

The first element of the doctrine is satisfied if plaintiff establishes "that it is more probable than not that the defendant's negligence was a proximate cause of the mishap." Jerista 185 N.J. at 192 (quoting Brown v. Racquet Club of Bricktown, 95 N.J. 280, 291-92 (1984)). "Whether an accident bespeaks negligence 'depends on the balance of probabilities.'" Ibid. (quoting Buckelew, 87 N.J. at 526). Thus, the doctrine is available to a plaintiff "if it is more probable than not that the defendant has been negligent." Myrlak, 157 N.J. at 95.

The court found the doctrine of res ipsa loquitor was not satisfied, stating:

> [A] fall does not ordinarily bespeak negligence. The [c]ourt finds there can be many reasons for which people fall daily. People may fall due to losing their balance, a pain in their leg or foot, inattention, poor shoe traction, wet conditions, to name just a few. The [c]ourt finds that a slip and fall does not ordinarily bespeak negligence, and no reasonable fact finder could find that in the ordinary course of events the incident would not have occurred if the [d]efendant had exercised reasonable care. The [c]ourt further finds no reasonable fact finder could find the [d]efendant's conduct or absence thereof led to unsafe conditions that were the proximate cause of the fall. This conclusion is based on the findings on breach above.

A-3068-23

We conclude the court's sound assessment of the first prong of the above enunciated test was not error. We further note, on de novo review, that the slipping of a railing sleeve does not "bespeak" negligence as a number of reasons are possible for its cause, including normal wear and tear or damage brought about by a third-party resulting in the rail loosening and eventually dislodging, among other reasons. No evidence in the record was presented by plaintiff that eliminated other possible reasons for the rail slippage other than defendant's negligent installation or improper maintenance to support the accident bespoke negligence and the trial court's dismissal of this claim on summary judgment was not erroneous.

To the extent we have not addressed any of defendant's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hartley

Clerk of the Appellate Division

13                                                                                      A-3068-23