278 N.J. Super. 50 (1994)
650 A.2d 376
JANICE ANDERSON, ADMINISTRATRIX OF THE ESTATE OF STEVEN ANDERSON AND JANICE ANDERSON, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
SAMMY REDD AND ASSOCIATES, AMANDA REDD AND MARIONETTE WIGGINGS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 1, 1994.
Decided December 12, 1994.
*51 Before Judges PRESSLER, CONLEY and NEWMAN.
David Paul Daniels, attorney for appellants.
Parker, McCay & Criscuolo, P.C., attorneys for respondents (Stacey L. Moore, on the brief).
The opinion of the court was delivered by NEWMAN, J.S.C. (temporarily assigned)
Plaintiff Janice Anderson (Anderson), administratrix of the estate of Steven Anderson and individually, appeals from an order granting summary judgment in favor of defendants dismissing her *52 complaint. Anderson brought a negligence action against defendants seeking damages arising out of the death of her two year old son Steven who fell from a third floor apartment window when the window screen gave way. The motion judge dismissed the complaint on the authority of Egan v. Krueger, 103 N.J.L. 474, 135 A. 811 (E. & A. 1926), holding that a landlord has no duty to install or maintain in any window a screen with sufficient strength to support the weight of a child. We do not believe that Egan v. Krueger represents the current state of the law regarding a landlord's responsibility to its tenants, their families and guests. We, therefore, reverse.
We briefly recite the facts which are essentially undisputed. Janice Anderson and her son Steven were visiting Janice's sister, Elethia Anderson, at her apartment. Defendants owned, operated and managed the apartment building. Elethia Anderson was away at work. Janice Anderson left the apartment to buy soap, leaving behind her 13 year old niece and a 28 year old man, Troy Moore, who was asleep in the bedroom when the child fell out of the window. Evidently, Steven climbed up a bookstand, on to a window sill and then pushed on the window screen. The screen gave way and Steven fell three flights to the ground sustaining severe personal injuries. He died the following day.
Defendants installed the window screen when Elethia Anderson moved into her apartment, approximately eight months prior to the accident. Elethia asserted that she had informed defendants that the screen did not fit the window and was in need of repair. Having small children, Elethia was concerned for their safety and communicated her concern to the landlord. In response to her request, the screen was repaired approximately two months before the accident. However, only two metal prongs at the top and bottom secured the window screen and the screen still did not properly fit to the frame.
In granting summary judgment, the motion judge concluded that a window screen is not a protective device. He reasoned that a window screen's intended purpose is to keep insects out and *53 allow air in. As a result, defendants could not be liable for Steven's death because the window screen, properly installed or not, was not intended to prevent him from falling. The motion judge relied on the following language of Egan v. Krueger, supra, 103 N.J.L. at 476, 135 A. 811, which reads:
A screen in a window, obviously, and of common knowledge, is not placed there for the purpose of keeping persons from falling out of a window, anymore than the glass in the window itself is placed there for that purpose. Consequently, it is manifest that this accident was not the result of the failure of the defendant to perform any duty which he owed to the child for her protection.
While the motion judge felt constrained to adhere to Egan v. Krueger, landlord-tenant law has evolved substantially and expansively in the past sixty-seven years to impose upon a landlord a duty to provide reasonably safe premises for its tenants, their families and guests. The motion judge's reliance on Egan v. Krueger led to a determination that no duty was owing to Anderson because a window screen is not a protective device.
We read Egan differently. As we understand its holding, the court's rationale was not necessarily that no duty to install screens existed. Rather, the court concluded that a breach of that duty was actionable only in respect of consequences directly related to the purpose for the imposition of the duty. Thus, for example, since the purpose of the duty to install screens was to keep insects out, the landlord would only be responsible for damages resulting from insects getting in. By the same token, since the purpose of the duty was not to keep children from falling out the window, the landlord was not responsible if a child actually did fall out of a window either not screened or improperly screened. In sum then, as we understand Egan, what it actually did was to strictly define both foreseeability and proximate cause in terms of the purpose of the duty. Those limitations are, however, no longer in accord with the modern view of landlord liability which holds the landlord actionably negligent for any injury resulting from a breach of any duty provided the injury is foreseeable and proximately caused by the breach.
*54 It is axiomatic that a landlord is under a common-law duty to maintain premises under its control. Michaels v. Brookchester, Inc., 26 N.J. 379, 382, 140 A.2d 199 (1958). This duty requires the exercise of reasonable care to guard against foreseeable dangers arising from the use of the premises. Ellis v. Caprice, 96 N.J. Super. 539, 547, 233 A.2d 654 (App.Div. 1967); Braitman v. Overlook Terrace Corp., 68 N.J. 368, 381, 346 A.2d 76 (1975); Trentacost v. Brussel, 82 N.J. 214, 223, 412 A.2d 436 (1980) (foreseeability of harm is the crucial factor in determining whether a duty exists). "If [the landlord] fails to do so and such failure results in injury to the tenant or persons on the premises as members of his family or his invitees, expressed or implied, ordinarily the landlord is liable for the injury." Coleman v. Steinberg, 54 N.J. 58, 63, 253 A.2d 167 (1969). This duty has been broadened over the years by the rejection of the caveat emptor theory and the application of the Tenement House Act, N.J.S.A. 55:1-1 et seq., now known as the Hotel and Dwelling Act, N.J.S.A. 55:13A-1 et seq.
A landlord's duty is not absolute. It is not an insurer for the safety of its tenants. Terrey v. Sheridan Gardens, Inc., 163 N.J. Super. 404, 407, 394 A.2d 1247 (App.Div. 1978); Dwyer v. Skyline Apartments, Inc., 123 N.J. Super. 48, 52, 301 A.2d 463 (App.Div. 1973), aff'd o.b., 63 N.J. 577, 311 A.2d 1 (1973). The duty to exercise reasonable care means that the landlord must maintain the premises in a reasonably safe condition for the use and enjoyment of tenants and their guests. Coleman v. Steinberg, supra, 54 N.J. at 63, 253 A.2d 167. Such maintenance includes proper installation and attentive repair work. See N.J.A.C. 5:10-6.1 (requiring the owner of a multiple dwelling to keep the premises free from all hazards to the health and safety of occupants and their guests).
Anderson alleged that defendants negligently installed and repaired the window screen and that negligence was the proximate cause of her son's death. Questions concerning a window screen's purpose and whether or not a properly installed screen would have prevented the fall should have been left for a jury's *55 consideration since they obviously involve factual disputes. It is the plaintiff's burden to present competent testimony on those issues. Allegations of negligence should not be treated differently simply because the purported tortfeasor is a landlord. The "reasonable person under all the circumstances" standard set forth in Rappaport v. Nichols, 31 N.J. 188, 201, 156 A.2d 1 (1959), is especially applicable to landlords because of the increased risk of harm likely to result from careless repairs that give the false appearance of safety.
Our holding is consistent with the expansion of landlord liability premised on the need to avoid foreseeable risks of harm. For instance, landlords are now responsible for maintaining sidewalks located on leased premises, Skupienski v. Maly, 27 N.J. 240, 248, 142 A.2d 220 (1958); common areas, Coleman v. Steinberg, supra; hidden dangerous defects, Dwyer v. Skyline Apartments, Inc., supra; adequate security for all common areas, Trentacost v. Brussel, supra; and vicious animals kept in common areas, Linebaugh By and Through Linebaugh v. Hyndman, 213 N.J. Super. 117, 120, 516 A.2d 638 (App.Div. 1986), aff'd o.b. 106 N.J. 556, 524 A.2d 1255 (1987). The implied warranty of habitability also provides for the imposition of liability where none existed in the past. The modern residential tenancy carries with it expectations of reasonable conduct that justice demands and reason dictates. One of those legitimate expectations includes the proper installation and maintenance of all equipment, including something so basic as a window screen.
We recognize that the safety of infants may optimally be ensured through the installation of window guards and other protective devices in all apartments above the first floor. In other words, barring access to the window may be a better way of safeguarding against a small child's climbing instinct or curiosity. The State Assembly has such legislation presently under consideration. On October 20, 1994, the Housing Committee released Assembly Bill 1939 for a second reading before the Assembly (1994-1995 session). Nonetheless, no relevant ordinance or regulation applicable to this case has been called to our attention. *56 Although such enactments generally establish a standard of care such that a breach thereof may be evidence of negligence, Ellis v. Caprice, supra, 96 N.J. Super. at 553, 233 A.2d 654, liability does not depend on such proofs. Like any other individual, a landlord may be adjudged negligent if, under all the circumstances, he failed to act as a reasonably prudent person, and such failure was a proximate cause of the alleged injury.
It is fundamental that a case sounding in negligence requires a showing of a duty, a breach of that duty and foreseeable resulting injury proximately caused by the breach. Mergel v. Colgate-Palmolive-Peet Co., 41 N.J. Super. 372, 379, 125 A.2d 292 (App.Div. 1956), certif. denied 22 N.J. 453, 126 A.2d 392 (1956). The existence of a duty is a question of law to be determined by the court. Hirsch v. General Motors Corp., 266 N.J. Super. 222, 249, 628 A.2d 1108 (Law Div. 1993). Questions of the breach of the duty, foreseeability and proximate cause were, under the circumstances, peculiarly within the competence of a jury. Hambright v. Yglesias, 200 N.J. Super. 392, 396, 491 A.2d 768 (App.Div. 1985). Therefore, summary judgment was inappropriately granted. R. 4:46-2.
Reversed and remanded.