NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4331-15T1

ELIZABETH C. DECARLO,

 Plaintiff-Appellant,

v.

AQUA BEACH RESORT, LLC,
d/b/a AQUA BEACH RESORT,
NORTH AMERICAN RISK SERVICES,
a/k/a NARS, and STARR INDEMNITY
COMPANY,

 Defendants-Respondents.
_______________________________

 Submitted May 10, 2017 – Decided June 1, 2017

 Before Judges Simonelli and Carroll.

 On appeal from the Superior Court of New
 Jersey, Law Division, Cape May County, Docket
 No. L-0428-14.

 Radano & Lide, attorneys for appellant
 (Jennifer L. Pustizzi, on the briefs).

 Gage Fiore, LLC, attorneys for respondents
 (AnnMarie Flores, on the brief).

PER CURIAM

 Plaintiff Elizabeth C. DeCarlo appeals the Law Division's

February 10, 2016 order dismissing her personal injury complaint
against defendant Aqua Beach Resort, LLC on summary judgment.

Plaintiff also appeals the trial court's May 27, 2016 order denying

reconsideration. We affirm because, lacking any actual or

constructive notice of the claimed dangerous condition, defendant

did not breach the duty of care owed to plaintiff as its invitee.

 Plaintiff, who was seventy-four years old at the time of the

incident, visited the Aqua Beach Resort Hotel (Hotel) in Wildwood

Crest in September 2013, as part of a senior citizen tour group.

At approximately 11:00 p.m. on September 5, 2013, plaintiff took

a bath in her room. As she attempted to stand from the bathtub,

plaintiff grabbed onto an adjacent metal bar. The left side of

the bar detached from the wall, causing plaintiff to fall back

into the tub. Plaintiff noted pain in her hips, back, and

shoulder, but did not report the incident until the following

morning.

 Plaintiff testified at her deposition that she had used the

shower in the tub area during each of the three previous days but

had not touched the metal bar prior to the incident. When asked

whether she saw anything wrong with the bar before the incident,

plaintiff responded, "No." After the bar came out of the wall,

plaintiff opined that the tub, which was plastic, "was broken and

never replaced. It was . . . never fixed correctly. They should

have had a piece of wood in there."

 2 A-4331-15T1
 Plaintiff also testified that, approximately a year later,

in September 2014, she returned to the Hotel with friends and

coincidentally was given the same room. When plaintiff showed a

friend the bathtub where she fell the year before, the friend

touched the bar and it again came out of the wall. Surprised that

the bar was still broken, plaintiff took several pictures and a

video depicting the unattached bar.

 Defendant's employees testified that numerous individuals

frequently check the rooms for unsafe conditions. Specifically,

the Hotel uses "punch lists" at the beginning and end of each

season to determine what needs to be repaired or replaced. The

Hotel also employs an inspection team, a maintenance and repair

team, contractors, carpenters, handymen, plumbers, electricians,

housekeeping inspectors, and a full housekeeping staff, all of

whom check the rooms on a regular basis. None of these individuals

reported, nor did the Hotel records reflect, any issue regarding

the bathtub in the room plaintiff occupied. Similarly, Hotel

employees testified that the room was not a handicapped room, and

was not outfitted with ADA-approved grab bars. Instead, the metal

bar came with the prefabricated tub, and appeared to be "a

decorative bar" according to the Hotel manager. A maintenance

employee, however, surmised that the bar was there "for people to

hold themselves [up]."

 3 A-4331-15T1
 Defendant filed a motion for summary judgment. Defendant

also moved in limine to bar the September 2014 photographs and

video at the time of trial. In response to the motions, plaintiff

submitted an affidavit reciting many of the same facts discussed

above. She also now added that she "could see that a previous

repair attempt had been made" involving "a piece of wood, . . .

to attempt to secure/hold the [bar] in the socket hole." Plaintiff

stated, "the photographs and video taken on September 4, 2014,

could just as easily have been taken minutes after [she] fell."

 Defendant's motion for summary judgment was granted by Judge

J. Christopher Gibson. In a comprehensive sixteen-page written

opinion, the judge found that:

 [T]he record does not create a jury question
 as to the issue of liability and notice. . . .
 Plaintiff's contention seems to be that since
 the "safety grab bar" detached from the
 socket/hole . . . then an inference of
 negligence should follow. However, such
 observation is not sufficient to create a jury
 question as to constructive notice. There is
 nothing in the record to suggest that
 [d]efendant[] should have known of a dangerous
 condition as there were no prior incident
 reports in regard to the "safety grab bar" for
 Room 408 where [p]laintiff's incident took
 place.

 Although [p]laintiff supports her
 affidavit with photographs and videos that she
 took one year after the incident in order to
 prove the conditions she encountered when she
 fell and to show that repairs were not made,
 this [c]ourt finds that such evidence is not

 4 A-4331-15T1
 sufficient to create a reasonable inference
 of constructive notice of a dangerous
 condition. At the time of [p]laintiff's fall
 there were no prior incident reports as to the
 "safety grab bar" in Room 408, wherein
 [p]laintiff completed an incident report after
 the accident . . . . Thus, [p]laintiff's
 contention that [d]efendant[] had notice,
 either actual or constructive, based on her
 observation of a "piece of wood" attached to
 the hole/socket, is pure speculation and
 conclusory. The evidence must show that it
 can be reasonably inferred by the jury from
 any evidence that the property owner either
 knew about the condition or could have
 discovered the condition through reasonable
 inspection. See generally Francisco v.
 Miller, 141 N.J. Super. 290 (App. Div.
 1951). . . . This [c]ourt finds [] it
 undisputed that visual inspections of the
 bathroom are performed and housekeepers would
 also conduct inspections. . . . In addition,
 the log for Room 408 does not contain a request
 for repair of the bathroom bar prior to
 [p]laintiff's accident. . . .

 Although [p]laintiff herself speculates
 that she believes a prior repair was made,
 there are no facts in the record to
 substantiate such a repair nor is there expert
 testimony to establish that the condition she
 observed would not have existed but for a
 repair. Nonetheless, discovery has not
 disclosed any such repair.

The motion judge entered a memorializing order on February 10,

2016. The order also provided that defendant's "motion to bar any

photographs or videos taken in September 2014 at the time of trial

is moot."

 5 A-4331-15T1
 On May 27, 2016, the judge denied plaintiff's motion for

reconsideration, finding that she failed to meet the standards

required under Rule 4:49-2. The court also found that the photos

and video taken by plaintiff in September 2014 were not sufficient

to infer negligence, and were not admissible pursuant to N.J.R.E.

403.

 In this appeal, plaintiff argues that the court erred in

granting summary judgment because genuine issues of fact exist.

Plaintiff further contends that the photographs and video should

be admissible at trial and considered by the court in its summary

judgment analysis, and that a liability expert is not needed to

establish defendant's negligence.

 "[W]e review the trial court's grant of summary judgment de

novo under the same standard as the trial court." Templo Fuente

De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199

(2016) (citation omitted). Thus, we consider, as the trial court

did, "whether the competent evidential materials presented, when

viewed in the light most favorable to the non-moving party, are

sufficient to permit a rational factfinder to resolve the alleged

disputed issue in favor of the non-moving party." Davis v.

Brickman Landscaping Ltd., 219 N.J. 395, 406 (2014) (quoting Brill

v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). If

there is no genuine issue of material fact, we must then "decide

 6 A-4331-15T1
whether the trial court correctly interpreted the law." DepoLink

Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super.

325, 333 (App. Div. 2013) (quoting Brill, supra, 142 N.J. at 520,

540). We review issues of law de novo and accord no deference to

the trial judge's conclusions on issues of law. Nicholas v.

Mynster, 213 N.J. 463, 478 (2013). Applying these standards, we

discern no reason to reverse the grant of summary judgment.

 "'[A] negligence cause of action requires the establishment

of four elements: (1) a duty of care, (2) a breach of that duty,

(3) actual and proximate causation, and (4) damages.'" Davis,

supra, 219 N.J. at 406 (quoting Jersey Cent. Power & Light Co. v.

Melcar Util. Co., 212 N.J. 576, 594 (2013)). A plaintiff bears

"'the burden of establishing those elements by some competent

proof.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting

Davis, supra, 219 N.J. at 406) (alteration in original).

 "Although the existence of a duty is a question of law,

whether the duty was breached is a question of fact." Jerkins v.

Anderson, 191 N.J. 285, 305 (2007) (citing Anderson v. Sammy Redd

& Assocs., 278 N.J. Super. 50, 56 (App. Div. 1994), certif. denied,

139 N.J. 441 (1995)). Summary judgment is, however, appropriate

when the court is "satisfied a rational fact finder could not

conclude defendant breached [its] duty of care." Endre v. Arnold,

300 N.J. Super. 136, 143 (App. Div.), certif. denied, 150 N.J. 27

 7 A-4331-15T1
(1997). The issue here is not whether defendant owed a duty to

plaintiff - it did - but whether the record supports the court's

decision that, as a matter of law, defendant did not breach that

duty.

 "It is well recognized that the common law imposes a duty of

care on business owners to maintain a safe premises for their

business invitees because the law recognizes that an owner is in

the best position to prevent harm." Stelluti v. Casapenn Enters.,

LLC, 203 N.J. 286, 306 (2010). The duty of due care to a business

invitee includes an affirmative duty to inspect the premises and

"requires a business owner to discover and eliminate dangerous

conditions, to maintain the premises in safe condition, and to

avoid creating conditions that would render the premises unsafe."

Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003).

"[T]he business entity will not be held liable for injuries

sustained 'so long as [the business] has acted in accordance with

the ordinary duty owed to business invitees, including exercise

of care commensurate with the nature of the risk, foreseeability

of injury, and fairness in the circumstances.'" Stelluti, supra,

203 N.J. at 307 (quoting Hojnowski v. Vans Skate Park, 187 N.J.

323, 340-41 (2006)) (alteration in original).

 Owners of premises generally are not liable for injuries

caused by defects for which they had no actual or constructive

 8 A-4331-15T1
notice and no reasonable opportunity to discover. Nisivoccia,

supra, 175 N.J. at 563; Brown v. Racquet Club of Bricktown, 95

N.J. 280, 291 (1984). For that reason, "[o]rdinarily an injured

plaintiff . . . must prove, as an element of the cause of action,

that the defendant had actual or constructive knowledge of the

dangerous condition that caused the accident." Nisivoccia, supra,

175 N.J. at 563.

 In addition, "[n]egligence is a fact which must be shown and

which will not be presumed." Long v. Landy, 35 N.J. 44, 54 (1961).

"[T]he mere showing of an accident causing the injuries sued upon

is not alone sufficient to authorize an inference of negligence[.]"

Vander Groef v. Great Atl. & Pac. Tea Co., 32 N.J. Super. 365, 370

(App. Div. 1954) (internal quotation marks omitted).

 In this case, we are in substantial agreement with Judge

Gibson's thorough and well-reasoned analysis. The summary

judgment record fails to support plaintiff's claim that, prior to

the incident, defendant: had actual or constructive notice of the

dangerous condition; made faulty repairs to the metal bar or

bathtub area; did not conduct reasonable inspections to discover

the alleged dangerous condition; or otherwise failed to properly

protect plaintiff against such a condition. Without actual or

constructive notice of the dangerous condition, plaintiff's claim

failed, even if she had photos and video of the detached bar. The

 9 A-4331-15T1
judge therefore correctly concluded that defendant did not breach

its duty to plaintiff. To the extent we have not specifically

addressed plaintiff's remaining arguments, we find they lack

sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

 Affirmed.

 10 A-4331-15T1