**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2714-22

TONY F. POLITE,

    Plaintiff-Appellant,

v.

AIRSHAD KAHN,

    Defendant-Respondent.

_____

> Argued March 4, 2024 – Decided July 18, 2024
>
> Before Judges Gilson and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1377-20.
>
> James Bayard Smith, Jr., argued the cause for appellant (Smith & Williams, LLC, and John J. Pisano, attorneys; John J. Pisano, on the brief).
>
> Shawn R. Stowell argued the cause for respondent (Sellar Richardson, PC, attorneys; Shawn R. Stowell, of counsel and on the brief; Marc B. Schuley, on the brief).

PER CURIAM

In this personal injury action, plaintiff Tony Polite appeals from the May 5, 2023 order denying reconsideration of the August 12, 2022 order granting defendant Airshad Kahn's motion for summary judgment and dismissing his complaint with prejudice. Because plaintiff failed to establish causation, we affirm.

I.

Plaintiff was involved in two automobile accidents within thirty days. The first accident occurred on May 15, 2019 (the May accident) when plaintiff was "t-boned" from the driver's side, causing his vehicle to hit a telephone pole. He was transported to University Hospital in Newark and discharged the same day. He sustained injuries to his cervical spine, lumbar spine, left shoulder, and right knee. Plaintiff filed a complaint against the driver Estell E. Norman (the Norman matter).

On June 16, 2019 plaintiff alleges that his car was rear-ended by defendant's vehicle (the June accident). Plaintiff claimed that the back of his vehicle was "crushed," causing airbags to deploy, and causing plaintiff's chin to strike the steering wheel and his right knee to strike under the steering wheel. He was transported to Saint Michael's Hospital in Newark and discharged the same day. Plaintiff filed a lawsuit asserting negligence against defendant.

A-2714-22

The cases were later consolidated, and discovery ensued. In plaintiff's answers to interrogatories, he stated that he experienced severe neck, back, left shoulder, and right knee pain following the May accident. Plaintiff asserted those symptoms became "significantly" worse following the June accident.

Plaintiff's treating chiropractor, Dr. Joseph Funiciello, prepared a narrative report dated February 19, 2020, concerning the examination and treatment rendered to plaintiff resulting from the May accident. Funiciello attributed a direct causal link between plaintiff's injuries and the May accident. He opined that plaintiff's "exacerbations are due solely to the severe injuries to his cervical, thoracic[,] and lumbo-sacral spine which [he] suffered in the accident on May 15, 2019." Thereafter, plaintiff settled the Norman matter.

Plaintiff received chiropractic treatment with Dr. Wael Elkholy from February 19, 2020 through November 17, 2020 for injuries sustained in the June accident. The history in each progress note stated: "There was no pain prior to the accident." Plaintiff "den[ied] having pain prior to the [May] accident." Plaintiff presented complaints of neck, left shoulder, lower back, and right knee pain. Elkholy reviewed the May 20, 2019 magnetic resonance imaging (MRI) of the left shoulder, the May 22, 2019 MRI of the right knee, and the EMG/NCV testing report, which revealed right L5 and left C5 radiculopathy. In June 2022,

3

plaintiff underwent arthroscopic surgery on his left shoulder and epidural injections to his cervical and lumbar spine.

Following the close of discovery, defendant moved for summary judgment, arguing plaintiff had not established his injuries were caused by the June accident or that the June accident exacerbated his injuries from the May accident. Plaintiff opposed the motion, relying on the treatment records from Elkholy.

Three days after defendant filed his motion, plaintiff returned to Elkholy to treat persistent lower back pain. A second MRI was conducted which revealed that showed a new disc herniation at L4-5 and L5-S1 and a new thecal sac compression at L5-S1. A lumbar discectomy and decompression at L4-5 was recommended and subsequently performed in July 2022. In opposition to defendant's motion, plaintiff submitted a supplemental certification providing additional medical records and a report concerning the July 2022 operation. The treatment records from Elkholy do not causally relate plaintiff's injuries to the June accident, or the exacerbation of plaintiff's injuries from the May accident.

Following oral argument, the motion judge issued a written decision and order on August 5, 2022, granting defendant's motion and dismissing plaintiff's claims with prejudice. The judge explained:

> There is a complete absence of any report showing either causation or exacerbation from the second accident. The injuries from the first accident were severe and were still severe when the second accident occurred. The lack of any reference to a causal connection between the second accident to the [p]laintiff's injuries is fatal to the plaintiff's case and requires that summary judgment be entered here.

Plaintiff moved for reconsideration, which was denied. The motion judge restated an expert did not establish causation and without a "valid opinion" regarding proximate causation, plaintiff's claim could not be presented to a jury. This appeal followed.

## II.

Plaintiff presents a single issue on appeal, arguing reversal is warranted because "the inference of fact" weighed in his favor, which would permit a jury to find his injuries were caused by the June accident. We are unpersuaded by plaintiff's argument.

We review a grant of summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch

A-2714-22

v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  We do not defer to the trial court's legal analysis or statutory interpretation.  RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

"Reconsideration should be granted only where 'either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence[.]'"  Branch, 459 N.J. Super. at 541 (alterations in original) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)).  We review the denial of a motion for reconsideration for an abuse of discretion.  Cummings, 295 N.J. Super. at 389.

Generally, to succeed on a claim of negligence, a plaintiff must prove:  (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; (3) an injury proximately caused by the defendant's breach; and (4) damages.  Anderson v. Sammy Redd & Assocs., 278 N.J. Super. 50, 56

6

(App. Div. 1994). "[W]hen a plaintiff claims that an accident aggravated a prior injury or condition, it is plaintiff who 'must prove what damages a particular defendant caused.'" Reichert v. Vegholm, 366 N.J. Super. 209, 214 (App. Div. 2004) (quoting O'Brien (Newark) Cogeneration, Inc. v. Automatic Sprinkler Corp. of Am., 361 N.J. Super. 264, 275 (App. Div. 2003)).

Applying these principles, we discern no basis to disturb the motion judge's decision to grant defendant's motion for summary judgment. After reviewing the record, we hold that no inference of fact can be drawn from plaintiff's treatment records and diagnostic test results related to the June accident. Furthermore, the progress notes did not posit that the June accident was the cause of plaintiff's injuries. In short, plaintiff submitted no expert report or proof that the injuries he suffered from were caused by the June accident.

Despite that lack of proof, plaintiff argues the June accident aggravated his pre-existing injuries from the May accident. The only evidence in support of plaintiff's aggravation claim are Elkholy's notes on plaintiff's June 8, 2022 MRI, which showed two new disc herniations when compared to the May 20, 2019 MRI. As noted above, neither Elkholy's treatment records nor Funiciello's narrative report attribute any portion of plaintiff's injuries to the June accident. Thus, plaintiff failed to show an aggravation of preexisting injuries. Moreover,

plaintiff has not produced any comparative evidence regarding his injuries from the May and June accidents. Therefore, he cannot show the causation element of the negligence claim concerning the June accident. See Davidson v. Slater, 189 N.J. 166, 170 (2007).

Based on the record, we conclude plaintiff failed to establish proximate causation. Accordingly, defendant was entitled to summary judgment, and the denial of reconsideration was not an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

A-2714-22