**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3359-22

ALTEBIA I. GETTIS-NYAANGA,

    Plaintiff-Appellant,

v.

ALAN I. PACKER and
ANINDITA NANDI,

    Defendants-Respondents,

and

DEANDRE L. STEVENSON
and RITE HOOK TOWING, LLC,

    Defendants.

_____

Argued September 26, 2024 – Decided October 2, 2024

Before Judges Mawla, Natali, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2886-20.

Andrea L. De La Cruz argued the cause for appellant (Epstein Ostrove, LLC, attorneys; Cortney L. Jonker, on the briefs).

Eric H. Bennett argued the cause for respondents (Law Office of Eric H. Bennett, attorneys; Michael Anthony Puppelo, on the brief).

PER CURIAM

Plaintiff Altebia I. Gettis-Nyaanga appeals from a May 26, 2023 order granting summary judgment to defendants Alan Packer and Anindita Nandi. We affirm.

In December 2017, Packer and Nandi were divorced. In November 2018, Nandi was operating a vehicle in Jersey City and ran out of gas on a one-way street in front of her mother's home. The vehicle was registered to Packer. The street was lined with parked cars and Nandi's vehicle blocked traffic, causing several cars to become stuck behind it for approximately an hour.

A tow truck from Rite Hook Towing, LLC arrived, and its operator, Deandre L. Stevenson, put Nandi's vehicle in neutral and began to pull the vehicle onto the flatbed. The truck winch failed, and Nandi's vehicle rolled back down the street, hitting the car directly behind the tow truck, veering at an angle into a parked car, then into plaintiff's car, where it finally came to rest. Police issued Nandi a motor vehicle summons for delaying traffic. She subsequently pled guilty to the offense and paid a fine.

2

Discovery revealed Nandi had previously received parking tickets and one violation which involved her car running out of gas. Parker testified at deposition that Nandi had a mental illness. He did not know if she had a valid driver's license at the time of the accident.

Plaintiff told officers at the scene she was not hurt and declined treatment. She testified at deposition that she awoke the next day with shoulder and back pain, prompting her to seek medical attention. Plaintiff spent the next month getting treatment before attempting to return to work. She left after a few months and was out of work until 2021, when she returned to work with special care instructions.

In August 2020, plaintiff filed a negligence complaint against Packer, Rite Hook, and Stevenson. She later amended the complaint to add Nandi. Stevenson and Rite Hook were voluntarily dismissed after settling with plaintiff.

Packer and Nandi moved for summary judgment. They argued they did not owe plaintiff a duty of care and were not the proximate cause of her injury because the vehicle was in Stevenson's possession when the winch failed. Packer also asserted he was not liable because the vehicle belonged to Nandi.

The motion judge found Nandi did not breach the duty of care to plaintiff because her car was not stopped in the middle of the road "where the risk of

3

collision would have been great." The vehicle did not pose a danger to others on the road and the summons for delaying traffic did not prove a breach either. "Moreover, her prior parking tickets have even less consequential value in proving the breach of her duty of care." The judge found the prior incident where Nandi ran out of gas was "similarly inconsequential to the . . . breach of her duty of care in the present situation."

The motion judge concluded Nandi was not the proximate cause of plaintiff's injury because her actions were not a substantial factor in causing the collision. A reasonable person would not foresee that Nandi running out of gas would lead to the collision.

Likewise, Packer was not liable because "[t]here has been no credible[,] . . . admissible evidence presented, that . . . [he] had custody or control in any way, shape or form over this vehicle." And "Packer's prior knowledge of . . . Nandi's mental illness did not cause her car to run out of gas or the tow truck cable to snap and there [was] no credible evidence provided that . . . Nandi was not permitted to drive due to her . . . illness." The judge found there was no proof Packer knew Nandi did not have a driver's license. Even so, "it was not her absence of a driver's license that caused the injury in this case." Packer's

A-3359-22

prior knowledge established neither proximate cause nor foreseeability because there was "no credible proof that any injury resulted from it."

## I.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The court considers "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995). We review a grant of summary judgment de novo, using the same standard that governed the trial court's decision. Samolyk v. Berthe, 251 N.J. 73, 78 (2022).

Plaintiff argues the motion judge erred by finding Nandi did not breach the duty of care to safely operate and control her vehicle and challenges the finding Nandi was not the proximate cause of plaintiff's injury. She also contests the finding that Packer did not breach the duty of care and was not the proximate

5

cause of plaintiff's injuries because he negligently entrusted his vehicle to Nandi.

## II.

To defeat a motion for summary judgment in a negligence action, a plaintiff must present competent evidence of a duty of care owed, breach of the duty, proximate causation, and damages. Siddons v. Cook, 382 N.J. Super. 1, 13 (App. Div. 2005). Breach of the duty of care occurs when the person's "conduct . . . falls below a standard recognized by the law as essential to the protection of others from unreasonable risks of harm." Marshall v. Klebanov, 378 N.J. Super. 371, 378 (App. Div. 2005) (quoting Sanzari v. Rosenfeld, 34 N.J. 128, 134 (1961)).

Proximate causation need only be a cause, which sets off a foreseeable sequence of consequences, unbroken by any superseding cause, and which is a substantial factor in producing the injury. Scafidi v. Seiler, 119 N.J. 93, 101 (1990); Model Jury Charge (Civil), § 6.11, "Proximate Cause – Routine Tort Case Where No Issues of Concurrent or Intervening Causes, or Foreseeability of Injury or Harm" (approved Aug. 1999); see Kelly v. Gwinnell, 96 N.J. 538, 543 (1984). The tortfeasor need not foresee the precise injury; it is enough that the type of injury be within an objective "realm of foreseeability." Koenig v.

A-3359-22

Gen. Foods Corp., 168 N.J. Super. 368, 373 (App. Div. 1979). The question is "'whether [a] reasonably prudent person at the time and place should recognize and foresee an unreasonable risk or likelihood of harm or danger to others' by [their] conduct." Est. of Narleski v. Gomes, 244 N.J. 199, 226 (2020) (quoting Kelly, 96 N.J. at 543).

"Although the existence of a duty is a question of law, whether the duty was breached is a question of fact." Jerkins v. Anderson, 191 N.J. 285, 305 (2007) (citing Anderson v. Sammy Redd & Assocs., 278 N.J. Super. 50, 56 (App. Div. 1994)). The issue of proximate cause may only be removed from the jury "in the highly extraordinary case in which reasonable minds could not differ on whether that issue has been established." Townsend v. Pierre, 221 N.J. 36, 60 (2015) (quoting Fleuhr v. City of Cape May, 159 N.J. 532, 543 (1999)).

## A.

The motion judge correctly found Nandi did not owe plaintiff a duty of care under the facts and circumstances of this case. Although Nandi's parked vehicle blocked traffic, it did not pose a danger to others on the road. We share the judge's view that neither the summons for delaying traffic, nor the prior parking tickets Nandi received, were of any consequence to a finding of negligence here. Nandi's traffic tickets and one prior incident of running out of

gas did not demonstrate her conduct fell "below a standard recognized by the law as essential to the protection of others from unreasonable risks of harm." Marshall, 378 N.J. Super. at 378 (quoting Sanzari, 34 N.J. at 134).

The motion judge's proximate causation analysis was also unassailable. The judge analyzed the issue using Model Jury Charge (Civil), § 7.11 as a framework. The evidence supported the finding Nandi was not the proximate cause because it was unforeseeable that running out of gas would lead to plaintiff's injury. The judge correctly concluded the events were too remote to be related.

For these reasons, we reject plaintiff's argument that there was a chain of causation. Regardless, a "causal connection may be broken by a superseding intervening cause" unless the original tortfeasor's negligence is an essential link in the chain of causation which "might . . . be anticipated as not entirely improbable." Davis v. Brooks, 280 N.J. Super. 406, 412 (App. Div. 1993). Therefore, even under a chain of causation theory, the winch malfunctioning constituted an intervening cause, and Nandi running out of gas was not a substantial factor in the incident because the malfunctioning winch is what put the vehicle in motion.

A-3359-22

# B.

We reject plaintiff's argument Packer negligently entrusted the vehicle to Nandi. Negligent entrustment requires a showing of the following factors:

> (1)    the entrustee was incompetent, unfit, inexperienced, or reckless;[]
>
> (2)    the entrustor knew . . . , should have known,[] or had reason to know[] of the entrustee's condition or proclivities;
>
> (3)    there was an entrustment of the dangerous instrumentality;[]
>
> (4)    the entrustment created an appreciable . . . risk of harm to others;[] and
>
> (5)    the harm to the injury victim was "proximately" or "legally" caused by the negligence of the entrustor and the entrustee.[]
>
> [57A Am. Jur. 2d Negligence § 299 (2020) (footnotes omitted).]

None of these factors were established here. There was no evidence Nandi's mental health diagnosis was the reason for the incident. Mental health records were not presented to the motion judge. No evidence supported the assertion Nandi's license was revoked or suspended, and Packer did not know as well. As the judge found, there was no link showing Nandi's mental health or

driving privilege status had anything to do with her running out of gas and the events that followed.

Although the car remained in Packer's name, no evidence supports the fact he had possession or control of the vehicle to negligently entrust it to Nandi. This is evidenced by the fact Packer did not have a key to the vehicle and only learned about the accident when Jersey City sent him notice the vehicle had been impounded nearly a year after the incident. This prompted Packer to contact Nandi's parents, with whom she lived, to find out what happened. For these reasons, we decline to disturb the ruling in favor of Packer.

To the extent we have not addressed an argument raised on appeal, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION