# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0905-23

TERESA EDELGLASS,

    Plaintiff-Appellant,

v.

CTS CEMENT MANUFACTURING,
and HOME DEPOT,

    Defendants-Respondents.

_____

           Submitted December 12, 2024 – Decided January 30, 2025

           Before Judges Walcott-Henderson and Vinci.

           On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1637-21.

           Teresa Edelglass, appellant pro se.

           McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for respondents (Jennifer M. Jones, of counsel and on the brief).

PER CURIAM

Plaintiff Teresa Edelglass appeals from the September 8, 2023 order granting summary judgment in favor of defendants, CTS Cement Manufacturing Corporation (CTS Cement) and Home Depot U.S.A., Inc. (Home Depot) (collectively defendants). Plaintiff filed suit against defendants alleging she suffered personal injury caused by defendants' negligence related to her use of defective sealant manufactured by CTS Cement and purchased from Home Depot. Plaintiff alleges the use of the defective sealant caused her carpal tunnel syndrome and pain in her right hand. Perceiving no error in the court's dismissal of plaintiff's negligence complaint, we affirm.

I.

In May and June of 2019, plaintiff, intending to fix a crack in her pool, purchased thirteen tubes of sealant from two separate Home Depot locations because "neither had enough of the product on hand." According to plaintiff, the sealants she bought from the first Home Depot location w in an open box in the store. Because the first Home Depot did not have enough sealant, plaintiff went to a second location where she purchased more, this time from a sealed box. On June 17, 2019, plaintiff used a "standard caulking gun" to apply the sealant. At deposition, plaintiff testified the caulking gun she used was between ten- and twenty-years old.

A-0905-23

Upon finishing the sealant from the first box, plaintiff used a tube from the second box and "noticed it was of an entirely different consistency" and flowed easily from the tube. She contends the sealant from the first box was "very thick and extremely hard to expel from [the] tubes." Nevertheless, plaintiff used twelve of the thirteen tubes.

Realizing the difference in consistency in the sealant, plaintiff contacted Home Depot. At deposition, plaintiff testified she read the numbers off the bottom of the tube to a Home Depot employee over the phone who "told [her] it was an expiration [date]." Plaintiff did not preserve any of the actual tubes of sealant and instead provided two photographs of the product in opposition to defendants' motion for summary judgment. Plaintiff contends the photographs show an expiration date of 2008.

Following her use of the sealant, plaintiff consulted with several doctors regarding her complaints of pain in her right hand and later in her left hand. On July 18, 2019, plaintiff was seen by Dr. Timothy Leddy, an orthopedist. Plaintiff claims to have developed an injury to her right hand from using the sealant. Specifically, plaintiff states she experienced "a very unusual pain in her right (dominant) hand," "[b]oth during and after the project was completed." During this visit, Dr. Leddy did not diagnose plaintiff or identify the cause of her pain.

3

Approximately two months later at plaintiff's follow-up appointment, Dr. Leddy noted that plaintiff had some tenderness in her right hand when palpated, grip weakness, and that she had a "normal pain-free active range of motion." He did not diagnose plaintiff with a medical condition at the second visit.

In December 2019, plaintiff consulted with Dr. Violeta Avramov, a neurologist. According to plaintiff, Dr. Avramov diagnosed her with carpal tunnel syndrome. In February 2020, another doctor, Paul Gennaro, administered a non-invasive electromyography (EMG) test and confirmed the diagnosis of carpal tunnel syndrome.

On June 17, 2021, plaintiff filed a pro se complaint against defendants alleging negligence and served a demand for discovery. She alleged defendants owed her "a reasonable duty of care to not cause injury or harm," and they were negligent in breaching their duty by failing "to ensure that only fresh, usable product[s] remained on the shelf for sale." Plaintiff further alleged defendants' breach of their duty of care was the actual and proximate cause of her injury which negatively impacts "every aspect of her daily life both physically and emotionally."

In August 2022, defendants provided discovery, including answers to interrogatories which stated the product was not distributed to Home Depot until

4

2017, and "each sealant cartridge or tube has an expiration date clearly printed on the bottom edge of its surface consisting of letters or digits representing the month and two numerical digits representing the year." After CTS Cement provided answers to plaintiff's interrogatories, plaintiff served a request for supplemental discovery styled as a "reply." In response, CTS Cement provided the affidavit of Aaron Hall, its product line manager for sealants, coats, and adhesives, in which he stated the sealant depicted in plaintiff's photographs could not have expired in 2008 because it was first manufactured in 2017 and was not distributed by Home Depot until 2017. In addition, the illegible stamp on the bottom of the tube identified by plaintiff in her photographs was not an expiration date. On October 13, 2022, plaintiff sat for a deposition.

On March 23, 2023, defendants referred plaintiff to Dr. David Kirschenbaum, an orthopedist, for an independent medical evaluation. Dr. Kirschenbaum's physical examination of plaintiff revealed no swelling, redness, or ecchymosis, and he found plaintiff had symmetrical rotation, no weakness or atrophy, and no tenderness. He also noted that plaintiff denied experiencing numbness or tingling and never experienced pain at night. Dr. Kirschenbaum issued a report on May 26, 2023 attributing plaintiff's pain to "overuse," noting

A-0905-23

plaintiff had been experiencing a similar problem with her hand prior to May 2019, when she used the sealant to fix her pool.

On March 29, 2023, plaintiff moved to compel defendants to provide responses to supplemental interrogatories. Defendants opposed the motion, arguing they had already provided answers, including the affidavit of CTS Cement's product manager, Hall. The court granted plaintiff's motion to compel supplemental interrogatories and extended discovery through June 9, 2023, "so that the parties c[ould] resolve any outstanding discovery disputes."

On June 10, 2023, plaintiff sought an adjournment of court ordered arbitration, arguing defendants "ha[d] failed to comply with [the order] compelling discovery." The court denied plaintiff's motion. On June 12, 2023, plaintiff provided defendants with "additional evidentiary material," including an office note from Dr. Leddy dated April 4, 2023, and several pages of "customer reviews" from Home Depot's website. Defendants objected to the additional discovery as untimely, arguing the customer reviews and doctor's note were available to plaintiff during the discovery period and, therefore, could have been disclosed during that time.

On August 11, 2023, defendants moved for summary judgment, asserting plaintiff's expiration date theory lacked merit and she failed to prove the sealant

6

was defective or that it caused her alleged injuries. Plaintiff opposed the motion, and the court scheduled oral argument via Zoom for September 8, 2023. Plaintiff, who was pro se at the time, did not appear on Zoom. When plaintiff did not appear for oral argument, defendants waived their virtual appearance, and the court decided the motion solely based on the parties' papers, including their briefs.[1] The court stated, "[u]nder the circumstances I think we'll leave everything in equipoise. We'll just rely on the papers that are submitted[,] and I'll execute the order."

The court placed its oral decision on the record the same day, granting summary judgment in favor of defendants. The court found plaintiff could not establish defendants owed potential customers a duty not to warehouse or sell expired products and explained that the products at issue "cannot be determined to have [been] expired or to have been sold in violation of any duty that Home Depot may have had." The court found Home Depot had no duty to "routinely

---

[1] Plaintiff claims her failure to appear was due to her not being notified of the oral argument date. The court stated "[w]e have sent her an invitation for today's oral argument on this application. She has not communicated with the [c]ourt. We have received no information from her as to whether or not she is unable to appear." Defendants' counsel emailed plaintiff the day prior to oral argument "to make sure [she was] aware of it . . . [and to send her] a courtesy email." Defendants waived oral argument and agreed to have the court rely on the papers in making its determination.

test or inspect the sealant to make a determination as to the viscosity" and, at that time, plaintiff had not provided any proof as to whether "the sealant exceeded any manufacturing guidelines or any established standards within the industry as to what the viscosity should have been."

Additionally, the court concluded there was no expert report causally relating plaintiff's injury to the use of defendants' products and there is "nothing that the plaintiff can establish in regard to the viscosity of the product." The court found plaintiff failed to supply a medical report to indicate the problems with her hands "were causally related to the use of the product which was sold by Home Depot to the plaintiff which she then indicates caused an injury because of the increased viscosity of the sealant itself." The court further concluded "[t]he principal defect in the plaintiff's case is that she has no medical expert to indicate that the injury that she is suffering from is causally related to her [use of the sealant]." Plaintiff appealed.

On appeal, plaintiff argues the court erred in granting summary judgment in favor of defendants based on the following: (1) defendants' motion "was knowingly predicated on a false, debunked theory of their own making;" (2) there was a genuine issue of disputed material fact whether defendants breached

8

their duty of care to plaintiff; (3) and the trial court failed to consider plaintiff's "entire body of medical evidence."

## II.

We review the trial court's summary judgment ruling de novo, applying the same standard as the motion judge. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014); R. 4:46-2(c). We consider the facts in a light most favorable to the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court must analyze the evidence "to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014).

To defeat a motion for summary judgment in a negligence action, a plaintiff must present competent evidence of a duty of care owed, breach of that duty, causation, and damages. Siddons v. Cook, 382 N.J. Super. 1, 13 (App. Div. 2005). "A duty is an obligation imposed by requiring one party to conform to a particular standard of conduct toward another." Acuna v. Turkish, 192 N.J. 399, 413 (2007). "The question is whether a reasonably prudent person at the time and place should recognize and foresee an unreasonable risk or likelihood of harm or danger to others by his or her conduct." Franco v. Fairleigh

Dickinson Univ., 467 N.J. Super. 8, 25 (App. Div. 2020) (quoting Est. of Narleski v. Gomez, 244 N.J. 199, 226 (2020)). Breach of the duty of care occurs when the person's "conduct . . . falls below a standard recognized by the law as essential to the protection of others from unreasonable risks of harm." Marshall v. Klebanov, 378 N.J. Super. 371, 378 (App. Div. 2005) (quoting Sanzari v. Rosenfeld, 34 N.J. 128, 134 (1961))."Although the existence of a duty is a question of law, whether the duty was breached is a question of fact." Jerkins v. Anderson, 191 N.J. 285, 305 (2007) (citing Anderson v. Sammy Redd & Assocs., 278 N.J. Super. 50, 56 (App. Div. 1994)).

Plaintiff bears the burden of proving defendants' negligence proximately caused the alleged injuries and damages. Paxton v. Misiuk, 34 N.J. 453, 463 (1961). To establish causation, a plaintiff must show by competent evidence that the breach of duty was a substantial contributing factor in producing the alleged damages. Scafidi v. Seiler, 119 N.J. 93, 104-05 (1990).

N.J.R.E. 702 provides: "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." In some cases, expert testimony becomes "necessary" to the trier of fact's proper

functioning where a lay jury will need to determine areas of specialized knowledge. In these areas of substantive law, the party with the burden of establishing a proposition must proffer expert testimony. Jerista v. Murray, 185 N.J. 175, 188 (2005).

When a layperson's common knowledge is not competent to establish the standard for measuring a defendant's conduct, expert testimony is required to establish the requisite standard of care. See Davis, 219 N.J. at 407. Likewise, expert testimony may be needed when "the matter dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the party was reasonable." Ibid. (quoting Butler v. Acme Markets, Inc., 89 N.J. 270, 283 (1982)). In such cases, the jury "would have to speculate without the aid of expert testimony." Ibid. (quoting Torres v. Schripps, Inc., 342 N.J. Super. 419, 430 (App. Div. 2001)). In Davis, the Court concluded expert testimony necessary to establish the standard of care for the inspection of fire sprinklers by contractors because such practice "constitutes a complex process involving assessment of a myriad of factors . . . beyond the ken of the average juror." Id. at 408 (quoting Giantonnio v. Taccard, 291 N.J. Super 31, 44 (App. Div. 1996)); see also Ford Motor Credit Co., LLC v. Mendola, 427 N.J. Super. 226, 239 (App. Div. 2012) (concluding expert testimony was

necessary to assess whether a repair shop and car dealership had breached their duty because a car is a "complex instrumentality" that the general public is unfamiliar with).

At the outset, we reject plaintiff's argument the motion court erred in granting summary judgment because there was a genuine issue of material fact concerning whether defendants had breached their duty of care. Discovery revealed plaintiff's theory that the sealants she purchased from Home Depot were expired proved to be incorrect because the stamped information on the sealant tube plaintiff initially relied on to argue the sealant in the opened box was expired was not an expiration date. Moreover, plaintiff offered no evidence to dispute defendants' contention that the sealant was manufactured and sold to Home Depot in 2017, and could not have expired in 2008 as she initially asserted. In fact, plaintiff admits in emails to defendants' counsel that "the product was first manufactured in 2017." Plaintiff also did not preserve the allegedly defective tubes of sealant for inspection.

Based on her theory of negligence, plaintiff needed an expert to opine on the mechanics of how her use of the tubes of allegedly expired or defective sealant caused her specific injuries. N.J.R.E. 702. Without an expert to opine on the duty of care required for the manufacturing and sale of the sealant, a lay

juror would be unable to determine the product was defective, let alone determine the allegedly defective product caused her hand injury. Davis, 219 N.J. at 408. Like automobile repairs in Ford, 427 N.J. Super. at 239, the general public is likely unfamiliar with the standards used in manufacturing sealant without expert testimony. In other words, plaintiff did not satisfy her burden of proof to establish that defendants owed her a duty of care which they breached by selling, manufacturing, or stocking a defective product. Siddons, 382 N.J. Super. at 13.

Plaintiff also failed to establish causation: that the use of the sealant caused her carpal tunnel injury in her right hand. Plaintiff testified that in attempting to fix her pool, she used a caulking gun that was between ten and twenty-years old and that the sealant was "very thick and extremely hard to expel from [the] tubes." Nevertheless, plaintiff attributes her pain solely to her use of the sealant, not her use of the admittedly old caulking gun, or other cause. Medical diagnoses describing possible causes of an injury are "relevant to a subject that is beyond the understanding of the average person of ordinary experience, education, and knowledge." Jerista, 185 N.J. at 188.

Plaintiff argues she can prove causation because she was treated for carpal tunnel syndrome. Defendants argue plaintiff's medical records show she

13

complained of pain in her right hand as early as September 13, 2016, prior to her use of the sealant, which cuts against her negligence claims against them. The record reflects that plaintiff had prior complaints of pain in her right hand as defendants argue. This fact combined with the absence of any medical evidence causally linking plaintiff's injury to the use of the sealant leaves plaintiff unable to establish the necessary elements in support of her negligence suit. Myrlak v. Port Auth. of N.Y. & N.J., 157 N.J. 84, 95 (1999) (stating "the burden of proving negligence in any particular case is on the plaintiff" (citing Buckalew v. Grossbard, 87 N.J 512, 525 (1981))).

The court correctly determined plaintiff's failure to obtain an expert opinion establishing defendants had a duty of care which they breached and causally relating her injury to the use of the sealant, based on competent evidence, renders her negligence claim unsupported. A plaintiff must establish the essential elements of negligence "by some competent proof." Townsend v. Pierre, 221 N.J. 36, 51 (2015). Thus, based on our de novo review of the undisputed facts in the record, defendants are entitled to judgment as a matter of law. Bhagat, 217 N.J. at 38.

To the extent we have not otherwise addressed plaintiff's arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0905-23